Deborah J. Race, Tyler, Va Lita F. Waits, Houston, for petitioner.

Jorge Vega, Dan Morales, Brenda Loudermilk, Austin, for respondent.

### Troy W. SIMMONS, D.D.S., Petitioner,

v.

### TEXAS STATE BOARD OF DENTAL EXAMINERS, Respondent.

#### No. 95–1272.

Supreme Court of Texas.

July 8, 1996.

PER CURIAM.

On September 16, 1993, the State Board of Dental Examiners revoked the dental license of Troy W. Simmons, D.D.S. Simmons sought judicial review of the revocation in district court, but his action was dismissed for lack of jurisdiction. The court of appeals affirmed the trial court's dismissal. —— S.W.2d ——, 1995 WL 510598. For the reasons stated herein, we reverse the judgment of the court of appeals and remand the case for trial on the merits.

The Board notified Simmons of the license revocation on September 20, 1993. On the same day, Simmons filed a motion for rehearing with the Board. With that motion still pending, Simmons sought judicial review of the Board's ruling in district court on September 30, 1993. Realizing, however, that a suit for judicial review required the Board's overruling of his motion for rehearing, Simmons moved on October 14, 1993 to stay the trial court proceedings until he had exhausted his administrative remedies. Four days later, the trial court granted his motion to stay.

The motion for rehearing was overruled by operation of law on November 4, 1993. Thirteen days later, Simmons moved that the trial court reinstate his action for judicial review. Refusing to take jurisdiction, however, the trial court denied the motion, granted the Board's plea to the jurisdiction, and dismissed the suit.

Relying largely on this Court's opinion in *Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985), the court of appeals affirmed the trial court's judgment. —— S.W.2d at ——. We hold, however, that the facts of this case are distinguishable from those in *Lindsay*.

In *Lindsay*, a county judge denied the renewal of a wine-and-beer retailer's license. 690 S.W.2d at 561. The licensee filed a motion for rehearing, but sought review in district court before the motion had been overruled. *Id.* at 563. This Court held that because a motion for rehearing must be overruled before an agency order is appealable, the licensee never invoked the district court's jurisdiction. *Id.* at 563–64.

The licensee in *Lindsay* alleged that she faced a conflict between the Alcoholic Beverage Code and the predecessor to the Administrative Procedure Act (APA), the Administrative Procedure and Texas Register Act (APTRA). *Id.* at 563. The Alcoholic Beverage Code provides that an applicant may appeal to district court within thirty days after an administrative licensing decision becomes final. TEX. ALCO. BEV.CODE §§ 11.67(b)(1), 61.34(a). At that time, APTRA allowed administrative agencies forty-five days to rule on a motion for rehearing. *Lindsay*, 690 S.W.2d at 563. APTRA also provided that a decision is not appealable until such a motion is overruled. *Id.*

It appeared in *Lindsay*, therefore, that the two statutes were in conflict: while a licensee waited forty-five days for the agency to consider the motion for rehearing, the thirty-day period for appeal to the district court would expire. This Court held, however, that the statutes were not in conflict. As the thirty-day period under the Alcoholic Beverage Code did not begin until the agency order became final, and as the order was not final until the overruling of the motion for rehearing, the thirty-day period did not commence until after the motion was overruled. *Id.*

Like the licensee in *Lindsay*, Simmons argues that this case presents us with a conflict between statutes. Under the Dental Practice Act (DPA), a dentist has thirty days from the date of the license-revocation notice to seek judicial review in district court. *See* TEX.REV.CIV. STAT. art. 4548h, § 3(a). The APA mandates that an aggrieved person must file a timely motion for rehearing to the Board before filing an appeal to the district court. *See* TEX. GOV'T CODE § 2001.145(a); *see also Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988) (holding that dentists' disciplinary actions and appeals are governed by APTRA, APA's predecessor). The APA further provides administrative agencies forty-five days to act on a motion for rehearing before it is overruled by operation of law. TEX. GOV'T CODE § 2001.146(c).

Simmons alleges that he filed his petition in district court before the Board had overruled his motion for rehearing because had he waited, he may have missed the deadline under the DPA. He argues that unlike the statutes in *Lindsay*, the DPA and the APA truly conflict.

We agree. While the Alcoholic Beverage Code requires an aggrieved party to appeal within thirty days after an agency order becomes final, TEX. ALCO.CODE §§ 11.67(b)(1), 61.34(a), the DPA does not. Instead, it requires that an aggrieved dentist appeal within thirty days from the service of notice of the Board's action. TEX.REV.CIV. STAT. art. 4548h, § 3(a). Because the DPA appellate timetable commences with the service of notice rather than the date upon which the order becomes final, a dentist cannot wait for the Board to overrule a motion for rehearing and still be assured of a timely appeal to district court. The DPA, therefore, unlike the Alcoholic Beverage Code, directly conflicts with the APA.

Moreover, this case also differs from *Lindsay* in that the licensee in that case did not attempt to reinvoke the district court's jurisdiction after the administrative decision became final. Simmons, on the other hand, within thirty days after the motion for re-

hearing was overruled, moved that the district court reinstate his stayed action.

Simmons faced a conflict between the DPA and the APA and he made every attempt to comply with both. Consequently, we hold that his motion to reinstate substantially satisfied the judicial-review requirements of the APA and thus invoked the district court's appellate jurisdiction. *See* Tex. Gov't Code § 2001.176(a). This holding in no way prejudices the Board nor does it clash with the purposes of requiring a party to exhaust administrative remedies before turning to district court. *See Public Util. Comm'n v. Pedernales Elec. Co-op.*, 678 S.W.2d 214, 220 n. 3 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

Accordingly, pursuant to Rule 170 of the Rules of Appellate Procedure, this Court, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the district court for trial on the merits.