933 S.W.2d 336 (1996)
Leonard MEDNICK, Appellant,
v.
TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY, Appellee.
No. 03-96-00150-CV.
Court of Appeals of Texas, Austin.
October 30, 1996.
Rehearing Overruled December 5, 1996.
Susan Henricks, Maroney, Crowley, Bankston, Richardson & Hull, L.L.P., Austin, for appellant.
Dan Morales, Attorney General, Patricia Zacharie, Assistant Attorney General, Financial Litigation Division, Austin, for appellee.
Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.
*337 KIDD, Justice.
In his only point of error, Leonard Mednick, appellant, challenges the district court's dismissal of his suit seeking judicial review of an order of the Texas State Board of Public Accountancy, appellee (the "Board"). Without a hearing and based solely on the pleadings, the district court granted the Board's plea to the jurisdiction and dismissed Mednick's cause for lack of jurisdiction, finding that Mednick's motion for rehearing before the Board was not timely filed. We will reverse the order of the district court and remand the cause for further proceedings.

BACKGROUND
Leonard Mednick is a certified public accountant. On February 24, 1995, the Board found him in violation of an administrative rule regulating advertising by public accountants. On March 14, 1995, the Board mailed its written order to Mednick's attorney. On April 3, 1995, Mednick filed a motion for rehearing; however, the Board refused to consider the motion on the ground that it was not timely filed pursuant to section 22(f) of the Texas Public Accountancy Act (the "Accountancy Act"), Tex.Rev.Civ. Stat. Ann. art. 41a, §§ 1-32 (West Supp.1996). The Board took no further action and on May 19, 1995, Mednick filed a petition for judicial review in the district court. The district court found that Mednick's motion for rehearing was untimely filed under the Accountancy Act and dismissed the cause for lack of jurisdiction.
The issue in this case concerns the timeliness of Mednick's motion for rehearing. Mednick filed his motion for rehearing twenty days after the written order was mailed to his attorney. The Accountancy Act states that if a party files a motion for rehearing, it "must be filed within 15 days of the rendition of the order, ruling, or decision complained of." Accountancy Act § 22(f). In contrast, the Administrative Procedure Act (the "APA")[1] requires that, in order to preserve the right to appeal the Board's decision to the district court, a party must file a motion for rehearing "not later than the 20th day after the date on which the party or the party's attorney of record is notified." Tex. Gov't Code Ann. § 2001.146(a). Therefore, we must decide whether the procedures set forth in the Accountancy Act or the APA govern the time limit for filing a motion for rehearing of the Board's decision.

CONTENTIONS OF THE PARTIES
Both parties raise a number of theories regarding the resolution of the conflict between the procedural provisions of the two statutes. Mednick contends that receipt of written, as opposed to oral, notice of the Board's order commenced the running of the time period for the filing of a motion for rehearing. Further, Mednick argues that the APA's twenty-day deadline to file a motion for rehearing controls over the fifteen-day deadline in the Accountancy Act. To support his argument, Mednick asserts that the Accountancy Act's language is directory whereas the APA's language is mandatory; therefore, the APA provides the proper jurisdictional method to seek judicial review of the Board's order. Additionally, Mednick contends that the APA's language controls because the APA, codified in 1993, is the most recent expression of legislative intent with regard to administrative procedure. Finally, Mednick asserts that, because the APA sets the timetable for seeking judicial review, his petition was timely filed and the district court had jurisdiction.
In response, the Board contends that Mednick's presence, with his attorney, at the meeting at which the Board rendered its decision constituted personal notice of the Board's order and commenced the running of the time period for the filing of a motion for rehearing.[2] Further, the Board argues that *338 the Accountancy Act's fifteen-day provision should prevail over the APA's twenty-day provision. In support of this argument, the Board asserts that the Accountancy Act's provision applies because it is a specific statute, while the APA is a general one. The Board also asserts that, because the Accountancy Act was re-enacted in 1991, it is the legislature's most recent expression of intent regarding the administrative procedures to be followed by the Board; therefore, the provisions of the Accountancy Act apply except where supplemented by the mandatory requirements of the APA. Ultimately, the Board contends that, because Mednick did not file his motion for rehearing in compliance with the Accountancy Act, the district court did not have jurisdiction to hear Mednick's appeal.

DISCUSSION
Although the parties present persuasive arguments in support of their contentions, the language of the Accountancy Act provides the basis for the resolution of the present conflict. The Accountancy Act fully incorporates the APA, stating that "the Board is subject to ... the Administrative Procedure and Texas Register Act, as amended."[3] Accountancy Act § 27. As a result of this inclusive language, we are of the opinion that the two acts should be viewed as one.
The APA expressly establishes "minimum standards of uniform practice and procedure for state agencies." APA § 2001.001(1); see Railroad Comm'n v. Arco Oil & Gas Co., 876 S.W.2d 473, 489 (Tex.App.Austin 1994, writ denied). Because the APA provides the minimum standards for procedural matters, an agency's organic statute cannot restrict the procedural time requirements established by the APA. In its original form, the APA gave a party fifteen days to file a motion for rehearing; however, in 1989 the legislature amended the APA to extend the time limit to twenty days. Act of May 29, 1989, 71st Leg., R.S., ch. 362, § 1, 1989 Tex. Gen. Laws 1448 (Tex.Rev.Civ.Stat.Ann. art. 6252-13a, § 16(e), since repealed and codified at Tex. Gov't Code Ann. § 2001.146(a)). The time limit set forth in the Accountancy Act allows a party only fifteen days to file a motion for rehearing. Accordingly, the Accountancy Act denies an appealing party the minimum standard established by the APA.
In Reed v. Department of Licensing and Regulation, 820 S.W.2d 1 (Tex.App.Austin 1991, no writ), we considered whether a conflict existed between the APA's requirement that a party file a motion for rehearing as a prerequisite to judicial review and the organic act's failure to require any motion for rehearing. Id. at 2-4. We concluded that the legislature had clearly expressed its intent that the APA provide the principal law of judicial review and that the omission of mandatory language in the organic act "did not expressly repeal the application of [the APA] to the Department." Id. at 2. Similarly, in the present case, the Accountancy Act does not mandate that a party file a motion for rehearing; it does, however, provide for the application of the minimum procedural requirements of the APA. See Simmons v. State Bd. of Dental Examiners, 925 S.W.2d 652 (Tex.1996).[4]
Because the Accountancy Act has fully incorporated the APA, which provides the minimum standards for judicial review of agency decisions, we hold that the APA's twenty-day time period controls over the fifteen-day time period in the Accountancy Act. Under the APA, Mednick had twenty days to file a *339 motion for rehearing of the Board's order; therefore, Mednick's motion for rehearing was timely filed. Within thirty days after the Board's order became final and appealable,[5] Mednick filed his petition for review in the district court. See APA § 2001.176(a); Accountancy Act § 22(f)(3). Because Mednick timely complied with the procedural requirements for judicial review, the district court had jurisdiction over his appeal.

CONCLUSION
Accordingly, we sustain Mednick's point of error. We reverse the order of the trial court and remand the cause for further proceedings.
NOTES
[1] The Administrative Procedure and Texas Register Act was codified without substantive changes in 1993 and may be cited as the Administrative Procedure Act. All citations in this opinion are to the current Administrative Procedure Act. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986 (Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.001-.902 (West 1988 and Supp.1996)).
[2] We reject this contention. It is well established that a party must move for rehearing with sufficient specificity so that an agency may correct its error. See Hamamcy v. State Bd. of Medical Examiners, 900 S.W.2d 423, 425 (Tex.App.Austin 1995, writ denied). It follows that a party's ability to file an intelligent and adequate motion for rehearing would be compromised if the oral pronouncement of the Board's decision commenced the procedural timetable.
[3] Numerous statutes mirror the "subject to" language of section 27. See, e.g., Texas Structural Pest Control Act, Tex.Rev.Civ. Stat. Ann. art. 135b-6, § 3(g) (West Supp.1996); Texas Engineering Practice Act, Tex.Rev.Civ. Stat. Ann. art. 3271a, § 7(b) (West Supp.1996).
[4] Although the organic statute at issue in Simmons did not require a motion for rehearing as a prerequisite to appeal, the plaintiff filed both a motion for rehearing with the board and a petition for review in the district court. Id. He then moved to stay the petition for review pending the overruling of his motion for rehearing by operation of law. Id. The court held that the plaintiff had substantially satisfied the judicial review requirements of the APA and that the district court had jurisdiction over his appeal. Id. at 654.
[5] Both the APA and the Accountancy Act provide that an order is final and appealable when the motion for rehearing is overruled. APA § 2001.144(a)(2); Accountancy Act § 22(f)(2). Although the two statutes differ as to what event initiates the timetable for overruling a motion for rehearing, the conflict is not properly before us because Mednick filed his petition for review after his motion for rehearing was overruled according to the provisions of both statutes. See APA § 2001.146(c); Accountancy Act § 22(f)(1).