TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00382-CV






Heat Energy Advanced Technology, Inc.; Texas Natural Resource Conservation


Commission; and Texas Natural Resource Conservation Commissioners


Barry R. McBee, R. B. Marquez and John M. Baker, Jr.,


in their Official Capacities, Appellants



v.



West Dallas Coalition for Environmental Justice, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 96-05388, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 






 This is a suit for judicial review of an order of the Texas Natural Resource Conservation
Commission ("Commission") concluding that the West Dallas Coalition for Environmental Justice
("Coalition") did not have standing to challenge the application for a renewal permit by Heat Energy
Advanced Technology ("HEAT"). The district court reversed the Commission's order and remanded the
cause to the Commission for further proceedings. Both the Commission and HEAT appeal the district
court's judgment. We will affirm the judgment.


BACKGROUND

 HEAT is a company that operates a hazardous and industrial waste storage and processing
facility in Dallas. The Coalition is a group of people who live near the HEAT facility. HEAT applied to
the Commission to renew its permit to conduct its business. The Coalition requested that the Commission
conduct a hearing on the permit renewal, presumably under the authority of section 361.088 of the Solid
Waste Disposal Act, which requires the Commission to provide an opportunity for a hearing to "persons
affected" by the permitted activity. See Tex. Health & Safety Code Ann. § 361.088(c) (West Supp.
1998).

 The Commission referred the case to the State Office of Administrative Hearings
("SOAH") for a determination of whether the Coalition had standing to participate in a hearing on HEAT's
permit. See Tex. Water Code Ann. § 5.115(a) (West Supp. 1998) (defining "persons affected" and
authorizing the Commission to promulgate rules on associational standing); 30 Tex. Admin. Code §§ 55.23,
.27(a)(3) (1997) (defining associational standing and providing for referral of cases to SOAH at discretion
of Commission). An administrative law judge ("ALJ") at SOAH conducted an evidentiary hearing and
concluded in a proposal for decision that the Coalition had standing to participate in the requested hearing. 
The Commission reviewed the proposal and concluded otherwise. In doing so, the Commission substituted
its own findings of fact and conclusions of law for some of the ALJ's findings and conclusions. The
Coalition filed a motion for rehearing. Before the Commission had ruled on the Coalition's motion for
rehearing, however, the Coalition sought judicial review of the Commission's decision in district court. See
Tex. Water Code Ann. § 5.351 (West 1988). The district court ultimately determined that section
361.0832 of the Solid Waste Disposal Act limited the Commission's authority to overturn the ALJ's
proposal for decision in the proceedings concerning the Coalition's standing. See Tex. Health & Safety
Code Ann. § 361.0832 (c), (d) (West 1992). The district court then determined that the Commission had
exceeded its authority and that the evidence did not support the Commission's reversal of the ALJ's
proposal. Therefore, the court remanded the cause to the Commission for further proceedings.

 Both the Commission and HEAT appeal the district court's judgment. HEAT asserts three
points of error, contending: (1) the Coalition failed to invoke the district court's jurisdiction to review the
Commission's order; (2) the district court erred in ruling section 361.0832 applies to the Commission's
review of the ALJ's proposal; and (3) the evidence supported the Commission's determination of the
standing issue, regardless of whether the Commission had limited or unbridled discretion to overturn the
ALJ's findings and conclusions. The Commission brings one point of error, which is essentially the same
as HEAT's third point of error. We will first address the threshold jurisdictional issue.


DISCUSSION

Jurisdiction

 In its first point of error, HEAT argues that the Coalition failed to invoke properly the
jurisdiction of the district court. Specifically, HEAT contends that the Coalition followed improper
procedures by filing its petition for judicial review before the Commission had acted upon the Coalition's
motion for rehearing. HEAT argues this untimely filing divested the district court of jurisdiction over the
lawsuit.

 HEAT relies primarily on Lindsay v. Sterling, 690 S.W.2d 560 (Tex. 1985). In Lindsay,
a county judge sitting in an administrative capacity issued an order denying the renewal of a license. The
licensee filed a motion for rehearing but sought judicial review in district court before the county judge had
overruled the motion. The supreme court held that the licensee had failed to invoke the jurisdiction of the
district court because she petitioned for judicial review without first receiving a ruling on her motion for
rehearing. Lindsay, 690 S.W.2d at 563. In other words, she had failed to exhaust her administrative
remedies. Id.

 The licensee in Lindsay argued that the applicable statutes required her to seek judicial
review before the county court had overruled her motion for rehearing. The relevant enabling statute
required an aggrieved licensee to seek judicial review within thirty days from the date the order became
"final and appealable." See id. On the other hand, the Administrative Procedure and Texas Register Act
("APTRA," predecessor to the Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.001-.902
(West 1998)) allowed the county judge up to forty-five days from the date the order was issued to overrule
the motion for rehearing. Id. Thus, the licensee contended that her thirty-day appellate timetable might
expire before the county judge had acted upon her motion for rehearing. Accordingly, she filed her petition
for judicial review before the county judge acted on her motion for rehearing. She contended that the
conflicting statutes created a procedural "catch-22" that required a premature filing of her petition.

 The supreme court disagreed with the licensee's assessment of the interplay between the
enabling statute and APTRA. APTRA provided that an administrative order did not become final and
appealable until after the agency had overruled the motion for rehearing. The supreme court read this
APTRA provision in conjunction with the provision in the enabling statute, which said the judicial-review
timetable began when the order became final and appealable. The supreme court concluded that the thirty-day time period to seek judicial review would not begin to run until after the county judge had overruled
the licensee's motion for rehearing. Id. Therefore, the supreme court held that the licensee's premature
petition for judicial review failed to invoke the district court's jurisdiction. Id. at 564. The supreme court's
pronouncement in Lindsay that a timely, ruled-upon motion for rehearing is a prerequisite to a suit for
judicial review became a rule generally applicable to all administrative proceedings.

 The supreme court recently recognized an exception to this rule. In Simmons v. Texas
State Board of Dental Examiners, the court addressed a similar situation in which a licensee petitioned
for judicial review before the agency had overruled his motion for rehearing. 925 S.W.2d 652 (Tex.
1996). The court, however, reached the opposite conclusion from its decision in Lindsay. Id. at 653-54.

 The key distinction between Lindsay and Simmons was the difference between the
enabling statutes applicable in each case. Instead of requiring the licensee to petition within thirty days of
the date the order became final, as the statute provided in Lindsay, the enabling statute in Simmons
required the licensee to petition within thirty days of the date the agency sent him notice of the order. Id.
at 653. However, the Administrative Procedure Act ("APA") still allowed the agency at least forty-five
days to rule on the required motion for rehearing. Id. Thus, the APA and the enabling statute could not
be harmonized. The judicial-review timetable began and could possibly have expired before the licensee
was able to exhaust his administrative remedies.

 Recognizing this, the licensee in Simmons filed a motion for rehearing and then filed a
petition in district court while the motion was still pending before the agency. The licensee asked the district
court to stay the review proceedings until the agency had disposed of his motion. The court did so. After
the motion was overruled by operation of law, the licensee asked the district court to reinstate his action
for judicial review. The district court refused, relying upon Lindsay.

 The supreme court reversed, noting the conflict between the enabling statute and the APA. 
Id. The court also noted that the licensee had attempted to reinvoke the jurisdiction of the district court
after the motion had been overruled. Id. at 653-54. Based upon those facts, the court distinguished
Lindsay and held the district court erred in dismissing the suit for judicial review. Id. at 654.

 With this background in mind, we must decide whether the Coalition's petition for judicial
review invoked the district court's jurisdiction despite the fact that the Coalition filed it while the motion for
rehearing was still pending before the Commission. The Coalition contends that this case falls within the
Simmons exception to the general rule because Texas Water Code section 5.351(b) requires the Coalition
to file its petition before the time expired for disposition of the motion for rehearing. (1) Section 5.351(b)
reads in relevant part, "A person affected by a ruling, order, or decision of the commission must file his
petition within 30 days after the effective date of the ruling, order, or decision. . . ." Tex. Water Code
Ann. § 5.351(b) (emphasis added). The Coalition contends that the Commission's order was effective
on the date it was issued. Thus, the Coalition argues, the petition was due in district court within thirty days
from the date the Commission issued the order, regardless of whether the motion for rehearing was still
pending. The Coalition contends section 5.351(b) contradicts the APA, putting the appellant in a
Simmons-like "catch-22."

 HEAT, on the other hand, argues the "effective date" of the order is not the date it was
issued, but the date it became final. The order did not become final until the motion for rehearing was
overruled. See APA § 2001.144(a)(2); 30 Tex. Admin. Code § 80.273 (1997). HEAT argues that
section 5.351(b) is consistent with the APA and that the judicial-review timetable does not begin to run until
after the motion for rehearing is acted upon. HEAT argues this case is more like Lindsay than Simmons.

 While we do not hold that the effective date of an agency order is necessarily the same as
the date the order was issued, we agree with the Coalition that this case is more like Simmons than
Lindsay. We base our conclusion on our determination that the effective date of the Commission's order
could have predated the overruling of the Coalition's motion for rehearing.

 There is no hard and fast rule on when agency orders become effective. Subject to
statutory and constitutional limitations, agencies have the discretion to set effective dates for their decisions
and orders. See Young Trucking, Inc. v. Railroad Comm'n of Tex., 781 S.W.2d 719, 721 (Tex.
App.--Austin 1989, no writ) (citing Railroad Comm'n of Tex. v. Lone Star Gas Co., 656 S.W.2d 421
(Tex. 1983)). Contrary to HEAT's argument, there is no general prohibition on making an order effective
before it is final and appealable. See TEXALTEL v. Public Util. Comm'n of Tex., 798 S.W.2d 875,
885 (Tex. App.--Austin 1990, writ denied). (2) In fact, an agency may even under some circumstances
make its order effective before the date of issuance, so long as the agency's statute authorizes it, the agency
had jurisdiction on the effective date, and the order does not affect vested property rights. Id. at 881-82;
see also Buttes Resources Co. v. Railroad Comm'n of Tex., 732 S.W.2d 675, 682 (Tex.
App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). The legislative rather than the judicial branch is the
appropriate authority to establish limits on agency discretion to set effective dates. See Lone Star Gas,
656 S.W.2d at 424. Consequently, we conclude that the effective date of an agency order does not
necessarily depend upon the date of its issuance or finality, but primarily on the legislature's and the
agency's intent. (3) To determine the effective date of the Commission's order
in this case, we look to the Commission's intent, manifested through its actions, as well as the statutes and
rules applicable to this proceeding. None of those indicate the effective date of the Commission's order. 
The Commission takes no position on this issue in this appeal, and nothing in the record reveals when the
Commission intended its order to become effective. (4) The Commission's rules define the "effective date"
of an act of the Commission's Executive Director. See 30 Tex. Admin. Code § 50.35 (1997). Curiously,
however, they do not define the effective date of an action taken by the Commission. (5) Neither do any of
the Commission's enabling statutes. The APA suggests the order might have become "effective" when
the Coalition received actual knowledge of it. See APA § 2001.005 (West 1998). We presume the
Coalition had knowledge of the order when the Commission mailed notice of it, the day after the
Commission issued the order. See APA § 2001.142(c) (West 1998).

 Under these circumstances, it was entirely reasonable for the Coalition to conclude that the
order might become effective before the date it became final and appealable. See APA § 2001.146(c)
(West 1998); 30 Tex. Admin. Code § 80.271(c)(1) (1997) (Commission had at least forty-five days, and
sometimes longer, to rule on motion). The Coalition was consequently in the difficult position of having to
file its petition to preserve its right to judicial review before it had received a ruling from the Commission
on the motion for rehearing. Our conclusion that this case is analogous to Simmons rests upon those facts.

 HEAT argues that this case is distinguishable from Simmons because the Coalition, unlike
the licensee in Simmons, did not seek to "reinvoke" the jurisdiction of the district court after the motion for
rehearing had finally been overruled. See Simmons, 925 S.W.2d 653-54. We do not read the supreme
court's opinion in Simmons to require this action in order to preserve a right to judicial review under these
unique circumstances. That the licensee in Simmons asked the district court to reassert jurisdiction after
his motion for rehearing was overruled merely bolstered the supreme court's conclusion in Simmons. 
However, it was not necessary to the supreme court's decision. Accordingly, we hold the Coalition's
premature petition properly invoked the district court's jurisdiction. We overrule HEAT's first point of
error. (6)


Commission Review of ALJ's Proposal

 The Coalition argues the Commission erred by substituting its own findings and conclusions
for the ALJ's because the Commission exceeded its limited authority to do so. The Coalition argues that
the Commission's power to substitute findings and conclusions is limited by section 361.0832 of the Solid
Waste Disposal Act. See Tex. Health & Safety Code Ann. § 361.0832(c), (d). The standard the
Coalition relies upon reads in relevant part:


(c) The commission may overturn an underlying finding of fact that serves as the basis for
a decision in a contested case only if the commission finds that the finding was not
supported by the great weight of the evidence.


(d) The commission may overturn a conclusion of law in a contested case only on the
grounds that the conclusion was clearly erroneous in light of precedent and applicable
rules.



Id. (7)

 HEAT argues, on the other hand, that a different statute governs the Commission's
consideration of the ALJ's proposal. HEAT argues section 2003.047 of the Texas Government Code
applies, and that the Commission has broad discretion to supplant the ALJ's findings and conclusions
pursuant to that statute. See Tex. Gov't Code Ann. § 2003.047(i)(2) (West 1998). Section 2003.047
reads in pertinent part:


The commission may amend the proposal for decision, including any finding of fact, but any
such amendment thereto and order shall be based solely on the record made before the
administrative law judge. Any such amendment by the commission shall be accompanied
by an explanation of the basis of the amendment.


Id. 

 In its second point of error, HEAT contends that the district court erred by ruling that
section 361.0832 applied to Commission review of ALJ findings and conclusions. In HEAT's third point
of error and the Commission's sole point of error, they contend under either standard the Commission
correctly reversed the ALJ's proposal. The standard in the Texas Government Code clearly affords the
Commission the most discretion to substitute its own findings and conclusions. Because we conclude that
the Commission's "reversal" of the ALJ's proposal is not supportable even under this more lenient
standard, we need not determine which standard applies.

 To understand our conclusion, it is necessary to contrast the pertinent findings and
conclusions made by the ALJ and the Commission. The issue before both was whether the Coalition had
standing to participate in the HEAT permit proceedings. According to Commission rules, an association
has standing if:


(1) one or more members of the group or association would otherwise have standing to
request a hearing in their own right;


(2) the interests the group or association seeks to protect are germane to the
organization's purpose; and


(3) neither the claim asserted nor the relief requested requires the participation of the
individual members in the case.



30 Tex. Admin. Code § 55.23(a) (1997). The ALJ found the Coalition had met all the standing
requirements. With respect to the first element of the test, the ALJ found that one of the Coalition's
members "presented competent evidence, in the form of his personal testimony, that odors from the HEAT
facility are negatively affecting him and his use of his property." The ALJ concluded the member was a
"person affected" by HEAT's activities and, therefore, that the Coalition had standing to intervene in the
permit proceedings. See Tex. Water Code Ann. § 5.115(a) (West Supp. 1998) (defining "persons
affected").

 The Commission deleted those findings and conclusions and added new ones. The
Commission found that the Coalition member who testified had not established that: (1) HEAT caused the
odors; (2) a reasonable relationship existed between his interest and the regulated activity; or (3) HEAT's
facility would likely impact the health, safety, and use of his property. The Commission concluded that the
Coalition had not met its burden of proof on the first element of the standing test. The Commission,
therefore, found it unnecessary to pass on the other two elements of the standing test.

 We will assume, for the sake of argument, that the lenient standard in section 2003.047 of
the Texas Government Code applied to the Commission's action. We will review the commission's action
pursuant to the deferential substantial evidence rule. See Tex. Gov't Code Ann. § 2001.174 (West 1998). 
Accordingly, we review the Commission's legal conclusions for error of law and we review the
Commission's factual findings for support by substantial evidence. Id.; see Southwestern Public Serv.
Co. v. Public Util. Comm'n of Tex., No. 03-97-024-CV, slip op. at 13-15 (Tex. App.--Austin Jan.
29, 1998, no pet. h.); Lauderdale v. Texas Dep't of Agric., 923 S.W.2d 834, 836-37 (Tex.
App.--Austin 1996, no writ). We will sustain the agency's action if the evidence is such that reasonable
minds could have reached the conclusion that the agency reached. Texas Health Facilities Comm'n v.
Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984). After reviewing the evidence, we
conclude the Commission could not reasonably have determined the Coalition did not have standing.

 Mr. Jose Acosta, a member of the Coalition, testified through an interpreter before the ALJ
that his home was about one and one-half blocks from the HEAT facility. He said he detected odor coming
from the direction of the HEAT facility, and that the odor was especially strong in the afternoons. He
testified it affected his breathing, and that he had sought medical attention for throat problems caused by
the odors. HEAT attempted to discredit Mr. Acosta's testimony by pointing out that the plant was south
of his house, and that at one point Mr. Acosta said the odors were coming from the west. HEAT also
suggested that other businesses in the area used chemicals and intimated that those facilities might have
created the odors Mr. Acosta smelled. HEAT admitted, however, that it was planning to reduce its odor
emissions in conjunction with the resolution of a separate Commission enforcement proceeding. This
evidence suggests the HEAT facility had the potential to emit odors, and it lends credence to Mr. Acosta's
assertion that he smelled odors coming from the HEAT facility.

 The Commission clearly derived its rule on associational standing from the standard Texas
courts apply in analogous circumstances. See Texas Ass'n of Business v. Texas Air Control Bd., 852
S.W.2d 440, 447 (Tex. 1993) (setting forth standard for associational standing in court proceedings;
standard matches Commission rule almost verbatim). This standard does not require parties to show they
will ultimately prevail in their lawsuits; it requires them to show only that they will potentially suffer harm or
have a "justiciable interest" related to the proceedings. See Tex. Water Code Ann. § 5.115(a); see also
Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n, 910 S.W.2d 147,
151, 152 n.2 (Tex. App.--Austin 1995, writ denied). The Commission's substitute findings suggest that
the Commission imposed a much greater burden. In fact, the Commission's findings suggest that the
Coalition would have had to prove the merits of its case against HEAT just to have standing to prove them
again in a hearing on the merits. Based on the evidence and law detailed above, we conclude that the
Commission unreasonably determined that the Coalition failed to meet the first element of associational
standing. The findings the Commission substituted for the ALJ's are not supported by substantial evidence. 
Furthermore, the conclusions that the Commission reached based upon those findings are erroneous. 
Accordingly, we overrule HEAT's second and third points of error and the Commission's only point of
error.


CONCLUSION

 We have determined that the record does not support the Commission's findings and
conclusions that the Coalition failed to prove one of its members had standing to challenge the HEAT
permit. Consequently, we affirm the district-court judgment remanding the cause to the Commission for
further proceedings. See Tex. Gov't Code Ann. § 2001.174(2).


 

 _____________________________________________

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 12, 1998

Publish
1. Alternatively, the Coalition argues that the petition invoked the jurisdiction of the district court
because no motion for rehearing was necessary in this proceeding, and the Coalition had thus exhausted
its administrative remedies when it filed the petition.


 The Coalition offers as support for its argument a copy of a paper written by a representative of the
Commission. The paper was apparently presented at a continuing legal education conference and suggests
a motion for rehearing is not necessary in this type of proceeding. The paper cites no authority for this
statement. In any event, it is not binding on the agency or this Court. The Commission's rules generally
require a motion for rehearing before appeal, and they do not exclude associational standing proceedings. 
See 30 Tex. Admin. Code § 80.271(a) (1997). We also note that after the Commission issued a final
order in this case, the Commission promulgated a rule expressly requiring a motion for rehearing in this type
of case. See id. § 55.27(g) (1997).


 Furthermore, the Administrative Procedure Act requires the Coalition to file a motion for rehearing. 
See APA, Tex. Gov't Code Ann. § 2001.145 (West 1998). The Coalition argues the APA did not apply
to this proceeding because the Commission's enabling statutes do not expressly incorporate the APA. We
disagree. The APA's motion for rehearing requirement is a prerequisite to an appeal in any "contested
case" except one decided in an emergency. Id. A "contested case" is a "proceeding . . . in which the legal
rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for
adjudicative hearing." Id. § 2001.003(1) (West 1998). This proceeding falls within the definition of a
"contested case" because the Coalition's right to challenge HEAT's permit was "to be determined" in an
adjudicative hearing; the Commission referred the matter to SOAH for an evidentiary hearing before an
ALJ. Cf. Best & Co. v. Texas State Bd. of Plumbing Examiners, 927 S.W.2d 306, 309 (Tex.
App.--Austin 1996, writ denied) (in determining whether particular agency determination was a "contested
case," court considered whether the agency had in fact provided an adjudicative hearing on the issue,
independent of whether the agency's statute required one). It matters not that the Commission's enabling
statute does not expressly incorporate the APA; the enabling statute does not contradict the APA. The
statutes are consistent and the APA required the Coalition to file a motion for rehearing after the
Commission adjudicated the standing issue. For that reason, we disagree with the Coalition's argument
that it was not required to file a motion for rehearing before appealing to district court.
2. This Court previously suggested that, although an agency's order may be effective before it is final
and appealable, the APA may limit the agency's ability to implement the order before it is final and
appealable. See TEXALTEL v. Public Util. Comm'n of Tex., 798 S.W.2d 875, 885 n.3 (Tex.
App.--Austin 1990, writ denied). Whether the Commission could have enforced the order before it
became final and appealable is not an issue in this case.
3. If the agency intends to make a retroactive effective date, its power also depends on whether any
vested property rights are involved and the date the agency's jurisdiction attached. TEXALTEL, 798
S.W.2d at 881-82. Those are not issues in this case because nothing in the record suggests the
Commission intended its order to become effective before the date it was issued.
4. The order itself contains an "issue date," but no "effective date."
5. HEAT argues Commission Rule 80.273 defines the effective date of a Commission action. Rule
80.273 reads:


In the absence of a timely motion for rehearing, a decision or order of the commission is final
on rehearing. If a party files a motion for rehearing, a decision or order of the commission is
final and appealable on the date of the order overruling the motion for rehearing or on the date
the motion is overruled by operation of law.


30 Tex. Admin. Code § 80.273 (1997). This rule defines the date a Commission order becomes final and
appealable. As discussed above, the date an order becomes final is not necessarily the date it is effective.
6. HEAT also asserted this argument in a motion to dismiss. Based on our resolution of HEAT's first
point of error, we overrule the motion as well.
7. We analyzed this statute in Hunter Industrial Facilities, Inc. v. Texas Natural Resource
Conservation Commission, 910 S.W.2d 96 (Tex. App.--Austin 1995, writ denied). In Hunter, we
determined this statute limits the Commission's discretion to overturn ALJ findings and conclusions. 910
S.W.2d at 102-105.



esented at a continuing legal education conference and suggests
a motion for rehearing is not necessary in this type of proceeding. The paper cites no authority for this
statement. In any event, it is not binding on the agency or this Court. The Commission's rules generally
require a motion for rehearing before appeal, and they do not exclude associational standing proceedings. 
See 30 Tex. Admin. Code § 80.271(a) (1997). We also note that after the Commission issued a final
order in this case, the Commission promulgated a rule expressly requiring a motion for rehearing in this type
of case. See id. § 55.27(g) (1997).


 Furthermore, the Administrative Procedure Act requires the Coalition to file a motion for rehearing. 
See APA, Tex. Gov't Code Ann. § 2001.145 (West 1998). The Coalition argues the APA did not apply
to this proceeding because the Commission's enabling statutes do not expressly incorporate the APA. We
disagree. The APA's motion for rehearing requirement is a prerequisite to an appeal in any "contested
case" except one decided in an emergency. Id. A "contested case" is a "p