

# NUMBER 13-11-00319-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

GONZALEZ COUNTY UNDERGROUND
WATER CONSERVATION DISTRICT AND
SAN ANTONIO WATER SYSTEM,                               Appellants,

v.

WATER PROTECTION ASSOCIATION,                           Appellee.

_____

### On appeal from the 25th District Court
### of Gonzales County, Texas

_____

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellants, Gonzales County Underground Water Conservation District ("County

Water District") and the San Antonio Water System ("SA Water System"), appeal the

trial court's denial of their respective plea to the jurisdiction and motion to dismiss for lack of jurisdiction. The Water Protection Association ("WPA"), appellee, sought judicial review of the County Water District's order granting the SA Water System's applications for groundwater permits. In their pleas to the jurisdiction, the County Water District and the SA Water System asserted that the WPA did not timely file its request for rehearing, and therefore failed to exhaust administrative remedies. In a single issue, the County Water District and the SA Water System complain that the trial court erred in denying their pleas to the jurisdiction by finding that the WPA satisfied the required statutory prerequisite (timely seeking rehearing) under Chapter 36 of the Texas Water Code before seeking judicial review. We vacate the trial court's judgment and dismiss the cause for want of jurisdiction.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The County Water District provides for the conservation, preservation, protection, recharging, and prevention of waste of groundwater, and of groundwater reservoirs or their subdivisions, and seeks to control subsidence caused by withdrawal of water from those groundwater reservoirs or their subdivisions. *See* TEX. WATER CODE ANN. § 36.0015 (West 2008). As a groundwater conservation district, it is responsible for issuing permits for drilling wells within its boundaries. *See id.* at § 36.113 (West 2008).

In June 2006, the SA Water System filed permit applications with the County Water District, seeking authorization to construct and operate groundwater wells and to transport water produced from those wells to locations outside the County Water

---

[1] The County Water District and SA Water System are both governmental entities. *See* TEX. CONST. Art. XVI, § 59; TEX. CIV. PRAC. & REM. CODE ANN. §101.001(3) (West 2011). Therefore, this court has jurisdiction to consider the interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(8) (West 2011).

2

District's boundaries. The WPA and others protested the issuance of the permits. The County Water District appointed a hearings examiner, and after a contested evidentiary hearing, the hearing examiner issued his report on April 30, 2010, recommending approval of the SA Water System's requested permits. On July 13, 2010, the County Water District approved the hearing examiner's report and granted the SA Water System's permits.

On July 30, 2010, the WPA emailed a copy of its request for rehearing to the County Water District's outside counsel. Counsel, however, was not authorized to accept filings on the County Water District's behalf, and the WPA did not file its request for rehearing in the County Water District's office on or before August 2, 2010, the statutory deadline. On August 3, 2010, the County Water District's counsel forwarded the emailed copy of the request for rehearing to the County Water District's general manager, which was then stamped "received." On August 6, 2012, the County Water District received in its office an incomplete paper copy of the WPA's request for rehearing. The County Water District did not take any action on the WPA's request for rehearing.

On December 21, 2010, the WPA filed this lawsuit against the County Water District, seeking judicial review of the County Water District's issuance of permits to the SA Water System. *See* TEX. WATER CODE ANN. § 36.251 (West 2008). The County Water District filed a plea to the jurisdiction, arguing that the WPA failed to exhaust all administrative remedies before filing this lawsuit, and specifically that its failure to timely file a request for rehearing deprived the trial court of subject matter jurisdiction to consider the WPA's judicial appeal. *See id.*, § 36.413(c) (West 2008). The SA Water

System filed an original petition in intervention and a motion to dismiss, arguing in addition to the above, that the trial court lacked jurisdiction because sovereign immunity was not waived because statutory prerequisites to a suit against a governmental entity are jurisdictional requirements. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2011) (Code Construction Act). The WPA responded by asserting it timely filed its request for rehearing by emailing a copy of its request for rehearing to the County Water District's outside counsel. The WPA contends it thereby "substantially complied" with the statutory requirements so as to invoke the jurisdiction in the court. *See* TEX. WATER CODE ANN. § 36.412 (West 2008).

After an evidentiary hearing, the trial court found that the WPA "satisfied the statutory prerequisites under Chapter 36 of the Texas Water Code necessary to obtain judicial review of the County Water District's decision to approve [the SA Water System's] applications for groundwater permits." The trial court concluded that it had subject matter jurisdiction and denied the County Water District's plea to the jurisdiction and the SA Water System's motion to dismiss.[2]

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *See Texas Dep't of Parks*

---

[2] The trial court filed handwritten findings of fact and conclusions of law. The findings, however, pertain to undisputed facts: (1) the WPA's Request for Rehearing was not physically located in the County Water District's office by the August 2, 2011 filing deadline; (2) the County Water District's counsel received a copy of the WPA's Request for Rehearing on July 30, 2011; and (3) the County Water District, though communication among the parties, was aware of the Request for Rehearing by the filing deadline. Findings of fact serve no useful purpose when no disputed fact issue exists. *See Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 579 n.14 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Haddix v. Amer. Zurich Ins. Co.*, 253 S.W.3d 339, 345–46 (Tex. App.—Eastland 2008, no pet.).

4

*and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cameron County v. Ortega*, 291 S.W.3d 495, 497 (Tex. App.—Corpus Christi 2009, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). *See also U. Lawrence Boze & Assoc. P.C. v. Harris County App'l Dist.*, No. 01–10–00016–CV, 2011 WL 3524209, at *4 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet) (applying the same standard of review to a motion to dismiss for lack of jurisdiction).

"The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). "Where text is clear, text is determinative of intent." *Id.* "This general rule applies unless enforcing the plain language of the statute would produce absurd results." *Id.* "Therefore, our practice when construing a statute is to recognize that the words [the Legislature] chooses should be the surest guide to legislative intent.'" *Id.* We strictly construe statutes waiving sovereign and governmental immunity. *City of Houston v. Jackson,* 192 S.W.3d 764, 770 (Tex. 2006). "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034; *see also Castillo v. Tex. Bd. of Prof'l Engrs*, 03-10-00124-CV, 2010 WL 5129127, at *2 (Tex. App.—Austin Dec. 14, 2010, no pet.) (mem. op., not designated for publication).

### III. ANALYSIS

The sole issue before us is whether the WPA's failure to timely file its motion for rehearing in the County Water District's office deprived the trial court of jurisdiction to hear the WPA's action for judicial review of the County Water District's permitting order.

It is undisputed that the WPA's request for rehearing was not received in the County Water District's office on or before August 2, 2010.

### 1. Failure to Exhaust Administrative Remedies

Where a cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintained. *Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 83 (Tex. 2008); *In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 588 (Tex. App.—San Antonio 2006, no pet.). A person may obtain judicial review of an administrative order only if a statute provides the right to judicial review. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.,* 39 S.W.3d 591, 599 (Tex. 2001); *In re Edwards Aquifer Auth.,* 217 S.W.3d at 587–88. The exhaustion of administrative remedies is a prerequisite to the trial court's jurisdiction. *See Thomas v. Long,* 207 S.W.3d 334, 340–342 (Tex. 2006); *In re Edwards Aquifer Auth.*, 217 S.W.3d at 588; *Hill v. Board of Trustees,* 40 S.W.3d 676, 678 (Tex. App.—Austin 2001, no pet.). A motion for rehearing is one of the administrative remedies a plaintiff must exhaust before seeking judicial review. *See Hill*, 40 S.W.3d at 679; *Wilmer–Hutchins Indep. School Dist. v. Brown,* 912 S.W.2d 848, 854 (Tex. App.—Austin 1995, writ denied). The motion for rehearing is intended to notify the agency of the alleged error so the agency may correct or defend the error. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex. 1983).

The WPA sought judicial review of the County Water District's permitting order, which is governed by Chapter 36 of the Texas Water Code. *See In re Edwards Aquifer Auth.*, 217 S.W.3d at 588. Section 36.251 of the Texas Water Code provides: "[a]

6

person . . . affected by or dissatisfied with . . . any rule or order made by the district is entitled to file suit against the district . . . The suit may only be filed after all administrative appeals to the district are final." TEX. WATER CODE ANN. § 36.251. *See also Thomas*, 207 S.W.3d at 340–42. Section 36.412(a) provides: "An applicant in a contested or uncontested hearing on an application or a party to a contested hearing may administratively appeal a decision of the board on a permit or permit amendment application by requesting written findings and conclusions or a rehearing before the board not later than the 20th day after the date of the board's decision." *Id*. §36.412(a) (West 2008). Section 36.412(c) provides: "A request for rehearing ***must be filed in the district office*** and must state the grounds for the request. If the original hearing was a contested hearing, the person requesting a rehearing must provide copies of the request to all parties to the hearing." TEX. WATER CODE ANN. § 36.412(c) (emphasis added). Section 36.413(c) provides: "An applicant or a party to a contested hearing ***may not file suit against the district*** under Section 36.251 ***if a request for rehearing was not filed on time***." TEX. WATER CODE ANN. § 36.413(c) (emphasis added). Section 36.101 provides statutory authority for the enactment of the District's administrative rules, after notice and hearing. *See id.* § 36.101 (West 2011). The County Water District's rules provide:

> "District" shall mean the Gonzales County Underground Water Conservation District, maintaining its principle office in Gonzales, Texas. The District's headquarters is at 920 Saint Joseph, Room 129, P. O. Box 1919, Gonzales, Texas 78629, Phone 830-672-1047 ***where applications, reports and other papers are to be filed or sent to the District*** . . . .

District Rule 2.0 (adopted April 13, 2004) (emphasis added).

> Applications, requests or other papers or documents required or permitted to be filed under these Rules or by law ***must be received for filing at the***

7

> ***District Office at Gonzales, Texas, within the time limit,*** if any, for such filing. The date of receipt and not the date of posting is determinative.

*Id.* at Rule 2.E (adopted April 13, 2004) (emphasis added).

The WPA did not file its request for rehearing in the County Water District's office within the twenty day period. TEX. WATER CODE ANN. § 36.412(c). *See also Thomas*, 207 S.W.3d at 340–42. The prerequisites of timely filing the request for rehearing in the County Water District's office are mandatory and exclusive, and must be complied with in all respects; otherwise, an action for judicial review will not be maintainable. *See Igal*, 250 S.W.3d at 83. In strictly construing the foregoing unambiguous statutory provisions and rules, we hold that the WPA did not exhaust its administrative remedies when it failed to timely file its request for rehearing in the County Water District's office, prior to filing its action for judicial review. *See Jackson,* 192 S.W.3d at 770; *see also In Heart Hosp. IV, L.P.*, 116 S.W.3d 831, 835 (Tex. App.—Austin 2003, pet. denied) (concluding fourteen day filing deadline was a jurisdictional prerequisite for seeking judicial review); *Carrington v. Texas Workforce Comm'n.*, Cause No. 01-04-00424-CV, 2006 Tex. App. WL 66455, at *2 (Tex. App.—Houston [1st Dist.] Jan. 12, 2006, no pet.) (same).

### 2. Substantial Satisfaction

The WPA argues that it substantially satisfied the statutory requirements when it served a copy of its request for rehearing on the County Water District's counsel.[3] Relying upon the holding in *Simmons v. Texas State Board of Dental Examiners,* the WPA argues that the trial court's jurisdiction can be invoked when the plaintiff substantially satisfies the statutory filing requirements. *See* 925 S.W.2d 652, 654 (Tex. 1996). We disagree.

---

[3] During the hearing, the WPA presented uncontroverted evidence of its efforts to comply with the deadline, and the problems that it incurred in attempting to do so.

*Simmons* is a case wherein a plaintiff was in a procedural conundrum created by inconsistent filing deadlines in conflicting statutes. *See id.* at 653. Under the Dental Practice Act ("DPA"), a dentist had thirty days from the date of license-revocation notice to seek judicial review in district court. *See id.* (citing TEX. REV. CIV. STAT. art. 4548h, § 3(a) (repealed)). The Administrative Procedure Act ("APA"), however, mandated that an aggrieved person file a timely motion for rehearing with the board before filing an appeal to the district court, and allowed administrative agencies forty-five days to act on a motion for rehearing before it was overruled by operation of law. *See id.* (citing TEX. GOV'T CODE ANN. § 2001.146(c) (West 2008). The Supreme Court opined that Simmons faced a conflict between the DPA's and the APA's filing deadlines and that he made every attempt to comply with both. *Simmons*, 825 S.W.2d at 654. Consequently, it held that his motion to reinstate substantially satisfied the judicial review requirements of the APA and invoked the district court's appellate jurisdiction. *Id.*

In the instant case, however, no statutory conflict exists. Rather, the WPA is arguing that it did not have to serve the County Water District as statutorily required but rather, that it could substantially satisfy the statutory requirements by emailing a copy of its request for rehearing to the County Water District's counsel. Statutes waiving sovereign immunity are to be strictly construed and do not provide for alternative filings or substantial satisfaction. *See Igal*, 250 S.W.3d at 83. The Texas Code Construction Act provides:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context

9

of the statute indicates no other reasonable construction. ***Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity***.

TEX. GOV'T CODE § 311.034 (emphasis added).

In 2005, the Texas Legislature added the above emphasized language, "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity," making it clear that the decision to waive sovereign immunity rests with the Legislature and that a court does not have jurisdiction over a case if a plaintiff has not met the statutory prerequisites for a waiver. *See In re U. S. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010); *Castillo*, 2010 WL 5129127, at *7. The bill analysis to the 2005 amendment further provides:

> Lawsuits against the government have the potential to cost the government significant amounts of money. Some courts, however, have infringed on the power of the Legislature to waive sovereign immunity by refusing to dismiss a case in which a plaintiff had not met the statutory prerequisites to bring suit against a government entity . . . The bill would affirm that a court would be required, due to lack of jurisdiction, to dismiss any case for which the plaintiff had not met statutory requirements . . . This would save government entities a significant amount of money in these cases as they would be spared from having to pay litigation expenses through the end of trial . . . The bill would not affect anyone's substantive rights, but simply would clarify the procedure required to sue a government entity.

*See* House Research Organization, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005).

However, even before the enactment of section 311.034, Texas courts denied jurisdiction when a statute was not strictly followed. In *Mercer v. Woods,* a vendor of intoxicating liquors contested a special election held to determine whether intoxicating liquors should be prohibited in the county. 33 Tex. Civ. App. 642, 645–46, 78 S.W. 15, 17 (Waco 1903, writ ref'd). The original petition was timely filed and served upon the

10

defendants, but the plaintiffs did not comply with the statutory requirement of timely serving the defendants with written notice of plaintiff's intention to contest the election, together with a statement in writing of the grounds relied upon to contest said election. *See id.* at 17. The Waco Court granted the defendants' pleas to the jurisdiction, holding:

> It is true that the county attorney, who is one of the defendants, had actual notice of the grounds relied on by the plaintiffs to contest the election, but actual notice could not take the place of anything required by the statute in order to confer jurisdiction of the subject matter. Jurisdiction over the person may be obtained without the service of citation when the defendant waives such service; but that rule has no application when considering a question of jurisdiction over the subject matter. Jurisdiction of the latter class cannot be obtained by consent and can only exist when the law conferring such jurisdiction has been complied with.

*See id.* at 17.

Likewise, in *Mendez v. City of Amarillo,* the plaintiffs sued the City, and not the mayor, to contest an election ballot which combined two proposed amendments to the city charter into a single proposition. No. 07-07-0207-CV, 2008 WL 2582987, at *2 (Tex. App.—Amarillo June 30, 2008, no pet.). The plaintiffs served the mayor with service of citation in their suit against the city. The governing statute, Texas Election Code sections 233.003 and 233.006 required that the mayor be named in the suit as the contestee within a prescribed period of time. *See* TEX. ELEC. CODE ANN. §§ 233.003 and 233.006 (West 2010). The plaintiff amended their lawsuit to name the mayor outside the statutorily prescribed period of time. The court granted the City's plea to the jurisdiction, holding that strict compliance with the requirements of the statute of timely suing the mayor as the contestee was necessary to invoke the district court's jurisdiction. *See id.*, 2008 WL 2582987, at **1–2 (citing TEX. GOV'T CODE § 311.034).

11

The Amarillo Court also held that even though the mayor had notice of the suit, that notice was insufficient to meet the requirements of the statute. *See id. (*citing *Mercer,* 78 S.W. at 17).

We hold that the WPA did not exhaust its administrative remedies when it failed to timely file its request for rehearing in the County Water District office and that the WPA's failure to exhaust its administrative remedies deprived the trial court of jurisdiction to hear the WPA's petition for judicial review of the County Water District's permitting order. We sustain the County Water District's and SA Water System's issues on appeal.

## IV. CONCLUSION

We vacate the trial court's judgment and dismiss the cause for want of jurisdiction.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
31st day of May, 2012.