ACCEPTED
03-16-00473-CV
12961772
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/28/2016 5:29:17 PM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-16-00473-CV**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/28/2016 5:29:17 PM
JEFFREY D. KYLE
Clerk

**E. A.,**
*Appellant/Cross-Appellee*,

**v.**

**TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES**
*Appellee/Cross-Appellant*.

On Appeal from the 353rd District Court of Travis County, Texas
The Honorable Judge Tim Sulak, Presiding

**BRIEF OF APPELLEE/CROSS-APPELLANT
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE
SERVICES**

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

September 28, 2016

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

KIMBERLY FUCHS
State Bar No. 24044140
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4195
Facsimile:   (512) 320-0167

ATTORNEYS FOR TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES

**Oral Argument Not Requested**

## IDENTITY OF PARTIES AND COUNSEL

**PARTIES TO THE TRIAL COURT JUDGMENT:**

*Plaintiff:*          E.A.

*Defendant:*          Texas Department of Family and Protective Services

**APPELLATE COUNSEL:**

***For Plaintiff/Appellant/Cross-Appellee, E.A. :***

<u>Trial Court Counsel</u>

Morgan A. Rogers
State Bar No. 24080177
6037 Yale Street
Houston, Texas 77076
Telephone: (304) 741-8503
Facsimile:  (713) 651-5538
morgan.campana@gmail.com

Damaris A. Chavez
Bar No. 24080507
1303 W. Harris Ave.
Pasadena, Texas 77506
Telephone: (713) 979-4999
Facsimile:  (713) 472-5154
dchavez@lawofficeofdac.com

<u>Appellate Counsel</u>

Doug W. Ray
State Bar No. 16599200
Ray & Wood
2700 Bee Caves Road, Suite 200
Austin, Texas 78746
Telephone: (52) 328-8877
Facsimile: (512) 328-1156
dray@raywoodlaw.com

Morgan A. Rogers
State Bar No. 24080177
6037 Yale Street
Houston, Texas 77076
Telephone: (304) 741-8503
Facsimile:  (713) 651-5538
morgan.campana@gmail.com

ii

**_For Defendant/Appellee/Cross-Appellant_, Texas Department of Family and Protective Services:**

Kimberly Fuchs
State Bar No. 24044140
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas  78711
Telephone   (512) 475-4195
Facsimile:   (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

**REFERENCES TO THE PARTIES**

Appellant/Cross-Appellee, E. A., will be referred to as "E.A." Appellee/Cross-Appellant, Texas Department of Family and Protective Services, will be referred to as "the Department."

**REFERENCES TO THE RECORD**

Clerk's record will be referenced as:          CR [Page]

Reporter's record will be referenced as:     RR [Page]

Administrative record will be referenced as:   AR [Page]

Appendix will be referenced as:           App. [Letter]

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. ii

References to the Parties ........................................................................... iv

References to the Record ........................................................................... iv

Table of Contents ....................................................................................... v

Index of Authorities ................................................................................. vii

Statement of the Case ............................................................................... ix

Statement Regarding Oral .......................................................................... x

Issue Presented ........................................................................................... x

Introduction ................................................................................................. 1

Statement of Facts ...................................................................................... 1

Background .................................................................................................. 1

The ALJ Concludes E.A. Neglected R.Z. and the Other Residents ......... 3

E.A. Fails to File a Motion for Rehearing ................................................. 3

The District Court Proceedings ................................................................. 3

Standard of Review ..................................................................................... 3

Summary of the Argument .......................................................................... 4

Argument ..................................................................................................... 4

I.    The trial court lacked jurisdiction over E.A.'s suit for judicial review
brought under the APA because she failed to file a motion for rehearing ...... 4

    A.    Because the APA's contested-case and judicial-review procedures
apply, a motion for rehearing was required ......................................... 4

    B.    Because E.A. failed to file a motion for rehearing, the trial court
lacked jurisdiction. The agency order is not appealable ....................... 8

C.     Rule 711.1431(b) affects when an order is final, not whether it is appealable. Rule 711.1431(b) did not expressly relieve E.A. from filing a motion for rehearing nor could it ............................................10

Conclusion and Prayer ...................................................................................14

Certificate of Compliance ..............................................................................15

Certificate of Service ......................................................................................17

Appendices.......................................................................................................15

# INDEX OF AUTHORITIES

**CASES**

*Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*,
962 S.W.2d 288 (Tex. App.—Austin 1998, pet. denied) ...........................................7

*Hinojosa v. Tarrant Cty.*,
355 S.W.3d 812 (Tex. App.—Amarillo 2011, no pet.) ...........................................12

*Jones v. State Bd. of Educator Certification*,
315 S.W.3d 237 (Tex. App.—Austin 2010, pet. denied) ........................................12

*Lindsay v. Sterling*, 690 S.W.2d 560
(Tex. 1985)...........................................................................................................8, 13

*Marble Falls Indep. Sch. Dist. v. Scott*,
275 S.W.3d 558 (Tex. App.—Austin 2008, pet. denied) ..........................................4

*Mednick v. Tex. State Bd. of Pub. Accountancy*,
933 S.W.2d 336 (Tex. App.—Austin 1996, writ denied ...........................................7

*Reed v. State Dep't of Licensing & Regulation*,
820 S.W.2d 1 (Tex. App.—Austin 1991, no writ) ....................................................7

*State Office of Pub. Util. Council v. Pub. Util. Comm'n of Tex.*,
131 S.W.3d 314 (Tex. App.—Austin 2004, pet. denied) ........................................11

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004)....................................................................................3

*Tex. Nat. Res. Conservation Comm'n v. IT-Davy*,
74 S.W. 3d 849 (Tex. 2002)....................................................................................12

*Tex. Nat. Res. Conservation Comm'n v. Lakeshore Util. Co.*,
164 S.W.3d 368 (Tex. 2005)...................................................................................13

*Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*,
51 S.W.3d 293 (Tex. 2001).....................................................................................13

**STATUTES**

Tex. Educ. Code § 21.256(b ................................................................5

Tex. Educ. Code § 21.3041(b) .............................................................7

Tex. Gov.t Code § 311.034 ................................................. 10, 12, 13

Tex. Gov't Code § 2001.003..............................................................5

Tex. Gov't Code § 2001.144 (2014)..................................................5, 9

Tex. Gov't Code § 2001.144(a) ........................................................6, 11

Tex. Gov't Code § 2001.144(b) .........................................................9

Tex. Gov't Code § 2001.145................................................ 5, 10, 12

Tex. Gov't Code § 2001.145(b) ........................................... 6, 10, 13

Tex. Gov't Code § 2001.171...............................................................6

Tex. Gov't Code § 2001.176(a) ..........................................................6

Tex. Hum. Res. Code § 48.405...........................................................4**,** 5

Tex. Hum. Res. Code § 48.406 ...........................................................7

Tex. Hum Res. Code § 48.406(b) .......................................................4, 5

Tex. Hum. Res. Code § 48.406(c) ......................................................4

Tex. Hum. Res. Code § 48.406(c)(1).................................................6

**RULE**

40 Tex. Admin. Code § 711.1431(b) (2015) .........................................*11*

# STATEMENT OF THE CASE

*Nature of the case:*          This is an administrative appeal filed pursuant to 40 Texas Administrative Code § 711.1431 and Texas Government Code Chapter 2001 Subchapter G. Plaintiff, E.A., filed suit challenging a Texas Health and Human Services Commission order affirming Texas Department of Family and Protective Services' decision to submit her name to the Employee Misconduct Registry.

*Trial court:*          The Honorable Tim Sulak, presiding over the 353rd Judicial District Court of Travis County, Texas.

*Trial court disposition:*          The trial court denied the Department's plea to the jurisdiction and affirmed the Department's decision and order upholding the determination of reportable conduct and the subsequent placement of E.A.'s name in the Employee Misconduct Registry. CR 1234.

**STATEMENT REGARDING ORAL**

The Department does not request oral argument in this appeal, as the issues in this case have previously been addressed by the Courts. However, the Department would like the opportunity to present oral argument if the Court otherwise determines that oral argument is necessary to help clarify the issues before the Court.

**ISSUE PRESENTED**

1.    Whether the district court had subject-matter jurisdiction over E.A.'s suit for judicial review brought under the Administrative Procedure Act, given that she failed to file a motion for rehearing?

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

**E. A.,**
*Appellant/Cross-Appellee*,

**v.**

**TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES**
*Appellee/Cross-Appellant*.

On Appeal from the 353rd District Court of Travis County, Texas
The Honorable Judge Tim Sulak, Presiding

**BRIEF OF APPELLEE/CROSS-APPELLANT
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE
SERVICES**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

**INTRODUCTION**

Although the trial court affirmed the agency decision in the underlying matter, the Court acted without jurisdiction in doing so. Because E.A. failed to file a motion for rehearing, as required by the Administrative Procedure Act ("APA"), the Department's Plea to the Jurisdiction was incorrectly denied by the trial court.

## STATEMENT OF FACTS

### Background

E.A., Plaintiff, is a direct care staff with Four J's Community Living Center, where she was assigned to Stockwell #3. AR 84. In June 2012, there were three residents of Stockwell #3: R.Z., P.Z., and R.L., each with his own significant challenges and disabilities.

R.Z. has been diagnosed with mental retardation, autism, and pica. AR 67. He is non-verbal and has history of eloping from the group home. AR 67, 100-102.

R.L. has been diagnosed with anemia, severe mental retardation, and cerebral palsy. AR 67, 102. He also has a history of recurrent aspiration pneumonia, intermittent explosive disorder, and seizure disorder. *Id*. He is fed through a feeding tube, and has a history of pulling it out. AR 68, 102-105. R.L. is non-ambulatory and uses a wheelchair. AR 68.

P.Z. is blind and has been diagnosed with profound mental retardation and pervasive developmental disorder. AR 68, 106. He has a history of mood instability and has behavioral issues such as hitting walls. AR 68. He has difficulty following simple verbal commands. AR 68.

On June 2, 2012, E.A. came to work at 4:00 p.m. after working multiple previous shifts. CR 44. At 9:30 that evening, E.A. called G.U. and asked him to fill in for her while she left the home. AR 82. G.U. had not had special training to work

in the home and had not ever worked there. AR 67, 82, 87, 91. E.A. did not tell G.U. that any of the residents required special supervision or that R.Z. had a tendency to leave the house. AR 82. G.U. had only worked for the company for two weeks and had immigrated to the United States two months prior. *Id.* G.U. was not on the clock when he arrived at the house. *Id.*

E.A.'s supervisor did not receive a call from her. AR 89. E.A. admits that she did not attempt to call any other supervisors, and instead called a staff member. CR 44-45. It was not acceptable to call other staff rather than calling a supervisor. There was a paper hanging on the wall of the residence with staff contact information, and E.A. could have contacted any other supervisor. AR 95.

While E.A. was away from the house, one of the residents, R.Z., wandered out of the home, and police and the Harris County Sherriff's Department responded to reports of a male standing in the street in his boxers. AR 67, 95. This male was identified as R.Z. *Id.* When the sheriff arrived, no staff members were present in the residence. AR 68, 69, 75, 91. When law enforcement came in to investigate, they found another resident, R.L., with his arms tied to the bed. AR 75, 87, 89, 95. Being strapped to the bed was not part of R.L.'s care plan. AR 87, 89, 102-105, 120. According to two staff members, E.A. admitted to tying R.L.'s arms to the bed. AR 67, 91.

**The ALJ Concludes E.A. Neglected R.Z. and the Other Residents**

In May 2013, a Health and Human Services Commission (HHSC) administrative law judge (ALJ) issued a final order finding that E.A. committed neglect, that the neglect constituted reportable conduct, and that therefore E.A.'s name should be entered in the employee misconduct registry (EMR). AR 43.

**E.A. Fails to File a Motion for Rehearing**

E.A. did not file a motion for rehearing but instead directly sought judicial review of the ALJ's final order pursuant to the Administrative Procedure Act (APA). *See* AR (no motion for rehearing in administrative record); CR 4-9 (failing to allege that she timely filed a motion for rehearing before seeking judicial review).

**The District Court Proceedings**

Despite not filing a Motion for Rehearing, E.A. filed a petition in district court. CR 4. The Department filed a plea to the jurisdiction. CR 1045-1083. After a hearing on both the plea and the merits of the case, the trial court denied the plea to the jurisdiction but affirmed the Department's decision on the merits. CR 1234.

**STANDARD OF REVIEW**

A trial court's ruling on a jurisdictional plea is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## SUMMARY OF THE ARGUMENT

The APA's contested-case and judicial-review procedures apply to employee misconduct registry cases. Under the APA, a motion for rehearing is a jurisdictional prerequisite to judicial review. It is undisputed that E.A. failed to file a motion for rehearing, so the trial court erred when it denied the Department's plea to the jurisdiction and failed to dismiss this claim for lack of subject-matter jurisdiction.

## ARGUMENT

I. **The trial court lacked jurisdiction over E.A.'s suit for judicial review brought under the APA because she failed to file a motion for rehearing.**

   A. **Because the APA's contested-case and judicial-review procedures apply, a motion for rehearing was required.**

The APA's contested-case and judicial-review procedures apply to employee misconduct registry (EMR) cases. *See* Tex. Hum. Res. Code §§ 48.405 (providing contested-case hearing), .406(b) (providing order becomes final "as provided by Chapter 2001, Government Code"), .406(c) (providing judicial review "is instituted by filing a petition as provided by Subchapter G, Chapter 2001, Government Code"); App. B.

The APA's contested-case procedures apply here. Unless otherwise provided, the APA's contested-case and judicial-review procedures apply to agency-governed proceedings. *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566-67 (Tex. App.—Austin 2008, pet. denied). Here, section 48.405 of the Human

4

Resources Code provides an employee the right to a contested-case hearing, and does not exclude the hearing from being subject to the APA. *See* Tex. Hum. Res. Code § 48.405  (right to hearing); App. B; Tex. Gov't Code § 2001.003 (defining a contested case as a proceeding in which legal rights, duties, or privileges of a party are determined by a state agency after opportunity for adjudicative hearing); *cf.* Tex. Educ. Code § 21.256(b) (example of statute excluding hearing from APA by stating hearing "is not subject to Chapter 2001, Government Code").  Thus, the APA's contested-case procedures apply here. Therefore, subchapter F of the APA (titled "Contested Cases: Final Decisions and Orders; Motions for Rehearing") applies. Specifically relevant are section 2001.144, which sets the date on which a decision becomes final, and section 2001.145, which makes a motion for rehearing a prerequisite to judicial review. *See* Tex. Gov't Code §§ 2001.144, .145; App. B.

The APA's judicial-review procedures also apply here.  Section 48.406(b) of the Human Resources Code provides that *"[n]ot later than the 30th day after the date the decision becomes final as provided by Chapter 2001, Government Code*, the employee may file a petition for judicial review contesting the finding of the reportable conduct." Tex. Hum. Res. Code § 48.406(b) (emphasis added); App. B. Thus, section 48.406(b) makes EMR orders final as provided by the APA, which, in turn, sets when orders become final through section 2001.144 of the APA. *See* Tex. Gov't Code § 2001.144; App. B.  Applicable here is section 2001.144(a)(1), which

5

provides that a decision in a contested case is final "if a motion for rehearing is not filed on time, on the expiration of the period for filing a motion for rehearing." Tex. Gov't Code § 2001.144(a); App. B. Section 48.406(b) of the Human Resources Code specifically contemplates a motion for rehearing as evidenced by the fact that a motion for rehearing is necessary to determine when an EMR order is final.

Additionally, section 48.406(c) (1) of the Human Resources Code provides that judicial review of an EMR order "is instituted by filing a petition as provided by Subchapter G, Chapter 2001, Government Code." Tex. Hum. Res. Code § 48.406(c)(1); App. B. Subchapter G of the APA in turn provides:

Sec. 2001.176. Petition Initiating Judicial Review.

(a) A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date on which the decision that is the subject of complaint *is final and appealable*.

Tex. Gov't Code § 2001.176(a) (emphasis added); App. B. Section 48.406(c)(1) also contemplates a motion for rehearing requirement because the APA's judicial-review procedures require not only that the order be final but also that the order be appealable. *See* Tex. Gov't Code §§ 2001.171 (noting that person who has exhausted all administrative remedies available within a state agency may seek judicial review), 2001.145(b) (decision that becomes final upon expiration of time for rehearing when no motion for rehearing is filed is not appealable); App. B.

6

The legislature did not exempt EMR cases from the motion for rehearing requirement. *Compare* Tex. Hum. Res. Code § 48.406 *with* Tex. Educ. Code § 21.3041(b) (dispensing with motion for rehearing requirement). And the legislature need not restate the motion for rehearing requirement in the EMR statute because it is stated in the APA. *Reed v. State Dep't of Licensing & Regulation*, 820 S.W.2d 1, 2 (Tex. App.—Austin 1991, no writ) (concluding that APA's requirement to file a motion for rehearing as a prerequisite to judicial review applied despite omission of mandatory language in the specific licensing statute); *Mednick v. Tex. State Bd. of Pub. Accountancy*, 933 S.W.2d 336, 338 (Tex. App.—Austin 1996, writ denied) (similarly noting that Accountancy Act did not mandate that a party file a motion for rehearing but did provide for application of the APA). And nothing in section 48.406 of the Human Resources Code is inconsistent with the APA's procedures for judicial review. *See Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*, 962 S.W.2d 288, 292 n.1 (Tex. App.—Austin 1998, pet. denied) ("It matters not that the Commission's enabling statute does not expressly incorporate the APA; the enabling statute does not contradict the APA. The statutes are consistent and the APA required the Coalition to file a motion for rehearing…").

In short, a motion for rehearing was required because section 48.405 of the Human Resources Code provides a contested-case hearing subject to the APA and its requirement to file a motion for rehearing as a prerequisite to seeking judicial

7

review of an order in a contested-case. Section 48.406 of the Human Resources Code also contemplates a motion for rehearing because one is required to determine when an order is final. Further, in order to initiate judicial review the complained of order must be appealable. It is undisputed that E.A. failed to file a motion for rehearing, so the trial court should have dismissed the suit for lack of jurisdiction. *See* CR 1131-1173.

> **B.      Because E.A. failed to file a motion for rehearing, the trial court lacked jurisdiction. The agency order is not appealable.**

Under the APA, a timely motion for rehearing is a jurisdictional prerequisite to appeal. *See Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985). This is clear from sections 2001.144 and .145 of the APA.

Section 2001.144 sets when an order becomes final:

Decisions; When Final

   (a) A decision in a contested case is final:

   (1) if a motion for rehearing is not filed on time, on the expiration of the period for filing a motion for rehearing;

   (2) if a motion for rehearing is filed on time, on the date:

     (A) the order overruling the motion for rehearing is rendered; or

     (B) the motion is overruled by operation of law;

   (3) if a state agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a decision or order, on the date the decision is rendered; or

8

(4) on the date specified in the order for a case in which all parties agree to the specified date in writing or on the record, if the specified date is not before the date the order is signed or later than the 20th day after the date the order was rendered.

(b) If a decision or order is final under Subsection (a)(3), a state agency must recite in the decision or order the finding made under Subsection (a)(3) and the fact that the decision or order is final and effective on the date rendered.

Tex. Gov't Code § 2001.144 (2014); App. B.

Here, the agency order became final as provided by section 2001.144(a)(1) because a motion for rehearing was not timely filed. *See* AR (no motion for rehearing in administrative record); CR 1131-1173. Similarly, the order was not and can never be final under section 2001.144(a)(2) because no motion for rehearing was filed. And neither exception to the requirement to file a motion for rehearing applies here. Section 2001.144(a)(3)'s imminent peril exception does not apply because the order lacks a finding of imminent peril. *Compare* Tex. Gov't Code § 2001.144(b) (requiring order involving imminent peril to recite a finding of imminent peril and state that the order is final and effective on the date rendered) *with* Agency Order (AR 33-44) (lacking finding of imminent peril and not stating it is final when rendered). Nor does section 2001.144(a)(4)'s exception for an agreed date of finality apply because the order does not specify a date when it becomes final nor did the parties agree to a specified date in writing or on the record.

9

Because a motion for rehearing was not timely filed, the order, although final, is not appealable. Section 2001.145 of the APA determines whether an order is appealable:

Motions for Rehearing; Prerequisites to Appeal

(a)  A timely motion for rehearing is a prerequisite to an appeal in a contested case except that a motion for rehearing of a decision or order that is final under Section 2001.144(a)(3) or (4) is not a prerequisite for appeal.

(b)  A decision that is final under Section 2001.144(a)(2), (3), or (4) is appealable.

Tex. Gov't Code § 2001.145; App. B.  So a decision that becomes final upon expiration of the time for filing a motion for rehearing when no motion for rehearing is filed is not appealable.

Because E.A. failed to timely file a motion for rehearing, the agency order was not appealable, so the trial court lacked jurisdiction and should have dismissed her suit for judicial review under the APA.  *See* Tex. Gov't Code § 2001.145(b); *see also id.* § 311.034; App B.

**C.    Rule 711.1431(b) affects when an order is final, not whether it is appealable. Rule 711.1431(b) did not expressly relieve E.A. from filing a motion for rehearing nor could it.**

While Rule 711.1431(b), the regulation covering appeal deadlines for EMR proceedings, states that an order becomes final on "the date it is received . . . by the

employee," the APA provides that an order becomes final upon various other conditions—

(1)     when a motion for rehearing is not timely filed,

(2)     when a timely motion for rehearing is overruled by subsequent order or operation of law,

(3)     when an agency finds imminent peril and recites that finding and the date the order becomes final, or

(4)     when there is an agreed and specified date upon which the order becomes final.

Tex. Gov't Code § 2001.144(a), App. B; *see also* 40 Tex. Admin. Code § 711.1431(b) (2015), App. C.  But whether an order is appealable and when it becomes final are distinct under the APA, so the conflict between Rule 711.1431(b) and the APA is limited to the *finality* of the order.  That is, Rule 711.1431(b) does not affect whether an order is *appealable* because it does not expressly relieve a party from filing a motion for rehearing:  a party can still timely file a motion for rehearing and comply with Rule 711.1431(b).

Even if there were a conflict between the APA and Rule 711.1431(b) as to whether a motion for rehearing is a prerequisite to judicial review, the rule must yield to the statute.  A rule cannot contravene a statute.  *See State Office of Pub. Util. Council v. Pub. Util. Comm'n of Tex.*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied) (a rule that contravenes specific statutory language is facially invalid).  And an appeal from an administrative agency is not a matter of right, it is

11

set out by *statutes* that must be strictly complied with in order to vest the district court with jurisdiction. *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) (citing *Tex. Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied)) (emphasis added).

Additionally, Rule 711.1431(b) cannot waive a statutory prerequisite to suit. As a statutory prerequisite to suit, a motion for rehearing is a jurisdictional component of sovereign immunity set by the legislature. Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *see also id.* § 2001.145 (generally a timely motion for rehearing is a prerequisite to appeal); App. B. It is the legislature's sole province to waive or abrogate sovereign immunity. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002). Consequently, administrative agencies and their agents cannot waive immunity from suit. *Id.* at 858. Because administrative agencies lack the authority to waive sovereign immunity, Rule 711.1431(b) cannot dispense with the statutory prerequisite to file a motion for rehearing before seeking judicial review. *See Hinojosa v. Tarrant Cty.*, 355 S.W.3d 812, 818 (Tex. App.—Amarillo 2011, no pet.) ("The legislative grant of power to the civil service commission to adopt limited rules does not authorize the commission to promulgate rules waiving or abrogating

12

the immunity of the county and its officers. Rather, this determination is singularly that of the Legislature."); *cf. Tex. Nat. Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 377 (Tex. 2005) (an administrative agency is a creature of the Legislature with no inherent authority of its own and may accordingly exercise only those powers the Legislature confers on it by clear and express language). Thus, a motion for rehearing was required here and E.A.'s failure to file one deprived the district court of jurisdiction.

Finally, the requirement of having a motion for rehearing overruled cannot be waived by agency action. *Sterling*, 690 S.W.2d at 563 ("The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties."). Nor can jurisdiction be established by estoppel. *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294-95 (Tex. 2001) ("A party cannot by his own conduct confer jurisdiction on a court when none exists otherwise. Even if the District misled Sullivan as she claims, her failure to exhaust her administrative remedies is fatal to her action.").

In short, E.A. failed to comply with the statutory prerequisite of filing a motion for rehearing before seeking judicial review; therefore, this Court lacks jurisdiction of her suit for judicial review under the APA. *See* Tex. Gov't Code § 2001.145(b); *see also id.* § 311.034; App. B.

13

## CONCLUSION AND PRAYER

For the foregoing reasons, the trial court lacked jurisdiction over E.A.'s suit for judicial review. This Court should reverse the trial court's order denying the Department's plea to the jurisdiction, grant the plea, and dismiss E.A.'s suit for lack of subject-matter jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

/s/ Kimberly Fuchs

KIMBERLY FUCHS
State Bar No. 24044140
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas  78711
Telephone    (512) 475-4195
Facsimile:    (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

ATTORNEYS FOR APPELLANT/CROSS-
APPELLEE TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Appellant/Cross-Appellee Texas Department of Family and Protective Services submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 3,468. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date:  September 28, 2016

/s/ Kimberly Fuchs

KIMBERLY FUCHS
ATTORNEY FOR TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES

# CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing Brief of Texas Department of Family and Protective Services has been served on September 26, 2016 on the following attorneys-in-charge via electronic transmission and/or email:

Doug W. Ray
State Bar No. 16599200
Ray & Wood
2700 Bee Caves Road, Suite 200
Austin, Texas 78746
Telephone: (52) 328-8877
Facsimile: (512) 328-1156
dray@raywoodlaw.com

Morgan A. Rogers
State Bar No. 24080177
6037 Yale Street
Houston, Texas 77076
Telephone: (304) 741-8503
Facsimile:  (713) 651-5538
morgan.campana@gmail.com

ATTORNEYS FOR CROSS-APPELLANT/
APPELLEE E.A.

*/s/ Kimberly Fuchs*
KIMBERLY FUCHS
ATTORNEY FOR TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES

# APPENDICES

# INDEX OF APPENDICES

Trial Court's Final Order dated June 30, 2016 ........................................................A

Statutes ........................................................................................................................B

    Tex. Gov't Code §. 311.034

    Tex. Gov't Code § 2001.003

    Tex. Gov't Code § 2001.144 (2014)

    Tex. Gov't Code § 2001.145

    Tex. Gov't Code § 2001.171

    Tex. Gov't Code §. 2001.176

    Tex. Hum. Res. Code § 48.405

    Tex. Hum. Res. Code § 48.406

Rule 40 TAC § 711.1431 (2015) ..............................................................................C

Agency Order ..............................................................................................................D

# APPENDIX A

**Trial Court's Final Order**

CAUSE NO. D-1-GN-13-001797

| | | |
|---|---|---|
| E. A.,<br>    *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | TRAVIS COUNTY, TEXAS |
| TEXAS DEPARTMENT OF FAMILY<br>AND PROTECTIVE SERVICES,<br>    *Defendant.* | §<br>§<br>§ | 353rd JUDICIAL DISTRICT |

Filed in The District Court
of Travis County, Texas

June 30, 2016 BP
At _____ M.
Velva L. Price, District Clerk

## ORDER DENYING PLEA TO THE JURISDICTION AND AFFIRMING THE

## DEPARTMENT'S DECISION

On this the 30th day of June, 2016, Plaintiff, E.A., and Defendant, Texas Department of Family and Protective Services, appeared before the Court. Having considered the pleadings, administrative record, briefs, and arguments of counsel, the Court denies the Department's plea to the Jurisdiction. The Court further concludes that the Department's decision is supported by substantial evidence and is in all respects AFFIRMED.

This is a final order and disposes of all claims.

Signed on this 30th day of June 2016.



_____

JUDGE TIM SULAK

004665294

Page 1 of 1



# APPENDIX B

## Statutes

| Vernon's Texas Statutes and Codes Annotated |
| Government Code (Refs & Annos) |
| Title 3. Legislative Branch (Refs & Annos) |
| Subtitle B. Legislation |
| Chapter 311. Code Construction Act (Refs & Annos) |
| Subchapter C. Construction of Statutes (Refs & Annos) |

V.T.C.A., Government Code § 311.034

§ 311.034. Waiver of Sovereign Immunity

Effective: September 1, 2005

Currentness

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1158, § 8, eff. June 15, 2001. Amended by Acts 2005, 79th Leg., ch. 1150, § 1, eff. Sept. 1, 2005.

V. T. C. A., Government Code § 311.034, TX GOVT § 311.034
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 10. General Government (Refs & Annos)
Subtitle A. Administrative Procedure and Practice
Chapter 2001. Administrative Procedure (Refs & Annos)
Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Government Code § 2001.003

§ 2001.003. Definitions

Effective: September 1, 2005

Currentness

In this chapter:

(1) "Contested case" means a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing.

(2) "License" includes the whole or a part of a state agency permit, certificate, approval, registration, or similar form of permission required by law.

(3) "Licensing" includes a state agency process relating to the granting, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license.

(4) "Party" means a person or state agency named or admitted as a party.

(5) "Person" means an individual, partnership, corporation, association, governmental subdivision, or public or private organization that is not a state agency.

(6) "Rule":

(A) means a state agency statement of general applicability that:

(i) implements, interprets, or prescribes law or policy; or

(ii) describes the procedure or practice requirements of a state agency;

(B) includes the amendment or repeal of a prior rule; and

(C) does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.

(7) "State agency" means a state officer, board, commission, or department with statewide jurisdiction that makes rules or determines contested cases. The term includes the State Office of Administrative Hearings for the purpose of determining contested cases. The term does not include:

(A) a state agency wholly financed by federal money;

(B) the legislature;

(C) the courts;

(D) the Texas Department of Insurance, as regards proceedings and activities under Title 5, Labor Code,[1] of the department, the commissioner of insurance, or the commissioner of workers' compensation; or

(E) an institution of higher education.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 6.007, eff. Sept. 1, 2005.

Footnotes

[1]

  V.T.C.A., Labor Code § 401.001 et seq.

V. T. C. A., Government Code § 2001.003, TX GOVT § 2001.003
Current through the end of the 2015 Regular Session of the 84th Legislature

Government Works.

| Vernon's Texas Statutes and Codes Annotated |
| --- |
| Government Code (Refs & Annos) |
| Title 10. General Government (Refs & Annos) |
| Subtitle A. Administrative Procedure and Practice |
| Chapter 2001. Administrative Procedure (Refs & Annos) |
| Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing |

V.T.C.A., Government Code § 2001.144

§ 2001.144. Decisions; When Final

Effective: [See Text Amendments] to August 31, 2015

(a) A decision in a contested case is final:

(1) if a motion for rehearing is not filed on time, on the expiration of the period for filing a motion for rehearing;

(2) if a motion for rehearing is filed on time, on the date:

(A) the order overruling the motion for rehearing is rendered; or

(B) the motion is overruled by operation of law;

(3) if a state agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a decision or order, on the date the decision is rendered; or

(4) on the date specified in the order for a case in which all parties agree to the specified date in writing or on the record, if the specified date is not before the date the order is signed or later than the 20th day after the date the order was rendered.

(b) If a decision or order is final under Subsection (a)(3), a state agency must recite in the decision or order the finding made under Subsection (a)(3) and the fact that the decision or order is final and effective on the date rendered.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 611, § 1, eff. Sept. 1, 1997.

V. T. C. A., Government Code § 2001.144, TX GOVT § 2001.144
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

| Vernon's Texas Statutes and Codes Annotated |
| Government Code (Refs & Annos) |
| Title 10. General Government (Refs & Annos) |
| Subtitle A. Administrative Procedure and Practice |
| Chapter 2001. Administrative Procedure (Refs & Annos) |
| Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing |

V.T.C.A., Government Code § 2001.145

§ 2001.145. Motions for Rehearing: Prerequisites to Appeal

Effective: September 1, 2015

Currentness

(a) A timely motion for rehearing is a prerequisite to an appeal in a contested case except that a motion for rehearing of a decision or order that is final under Section 2001.144(a)(3) or (4) is not a prerequisite for appeal.

(b) A decision or order that is final under Section 2001.144(a)(2), (3), or (4) is appealable.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 611, § 2, eff. Sept. 1, 1997; Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 8, eff. Sept. 1, 2015.

V. T. C. A., Government Code § 2001.145, TX GOVT § 2001.145
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

 © 2016 Thomson Reuters. No claim to original U.S. Government Works.

| Vernon's Texas Statutes and Codes Annotated |
| --- |
| Government Code (Refs & Annos) |
| Title 10. General Government (Refs & Annos) |
| Subtitle A. Administrative Procedure and Practice |
| Chapter 2001. Administrative Procedure (Refs & Annos) |
| Subchapter G. Contested Cases: Judicial Review |

V.T.C.A., Government Code § 2001.171

§ 2001.171. Judicial Review

Currentness

A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

V. T. C. A., Government Code § 2001.171, TX GOVT § 2001.171
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 10. General Government (Refs & Annos)
Subtitle A. Administrative Procedure and Practice
Chapter 2001. Administrative Procedure (Refs & Annos)
Subchapter G. Contested Cases: Judicial Review

V.T.C.A., Government Code § 2001.176

§ 2001.176. Petition Initiating Judicial Review

Effective: September 1, 2015

Currentness

(a) A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable. In a contested case in which a motion for rehearing is a prerequisite for seeking judicial review, a prematurely filed petition is effective to initiate judicial review and is considered to be filed:

(1) on the date the last timely motion for rehearing is overruled; and

(2) after the motion is overruled.

(b) Unless otherwise provided by statute:

(1) the petition must be filed in a Travis County district court;

(2) a copy of the petition must be served on the state agency and each party of record in the proceedings before the agency; and

(3) the filing of the petition vacates a state agency decision for which trial de novo is the manner of review authorized by law but does not affect the enforcement of an agency decision for which another manner of review is authorized.

(c) A Travis County district court in which an action is brought under this section, on its own motion or on motion of any party, may request transfer of the action to the Court of Appeals for the Third Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative

determination of the legal issues in the case and the case would ordinarily be appealed. After filing of the district court's request with the court of appeals, transfer of the action may be granted by the court of appeals if it agrees with the findings of the district court concerning the application of the statutory standards to the action. On entry of an order by the court of appeals granting transfer, the action is transferred to the court of appeals for decision, and the agency decision in the contested case is subject to judicial review by the court of appeals. The administrative record and the district court record shall be filed by the district clerk with the clerk of the court of appeals. The court of appeals may direct the district court to conduct any necessary evidentiary hearings in connection with the action.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1999, 76th Leg., ch. 894, § 2, eff. Sept. 1, 1999; Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 10, eff. Sept. 1, 2015.

V. T. C. A., Government Code § 2001.176, TX GOVT § 2001.176
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   HumanResourcesCode(Refs & Annos)
      Title 2. Human Services and Protective Services in General
         Subtitle D. Department of Family and Protective Services; Child Welfare and Protective Services
            Chapter 48. Investigations and Protective Services for Elderly Persons and Persons with Disabilities (Refs & Annos)
               Subchapter I. Employee Misconduct Registry

V.T.C.A., Human Resources Code § 48.405

§ 48.405. Hearing; Order

Effective: September 1, 2011

Currentness

(a) If the employee requests a hearing, the department or its designee shall:

   (1) set a hearing;

   (2) give written notice of the hearing to the employee; and

   (3) designate an administrative law judge to conduct the hearing.

 (b) The administrative law judge shall make findings of fact and conclusions of law and shall promptly issue an order regarding the occurrence of the reportable conduct.

 (c) Repealed by Acts 2011, 82nd Leg., ch. 1056 (S.B. 221), § 17.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1267, § 1, eff. Jan. 1, 2002. Amended by Acts 2009, 81st Leg., ch. 763, § 18, eff. June 19, 2009; Acts 2011, 82nd Leg., ch. 1056 (S.B. 221), §§ 16, 17, eff. Sept. 1, 2011.

V. T. C. A., Human Resources Code § 48.405, TX HUM RES § 48.405
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2016 Thomson Reuters. No claim to original U.S.

Government Works.

Vernon's **Texas** Statutes and Codes Annotated
  **HumanResourcesCode**(Refs & Annos)
    Title 2. Human Services and Protective Services in General
      Subtitle D. Department of Family and Protective Services; Child Welfare and Protective Services
        Chapter 48. Investigations and Protective Services for Elderly Persons and Persons with Disabilities (Refs & Annos)
          Subchapter I. Employee Misconduct Registry

V.T.C.A., **Human Resources Code** § **48**.**406**

§ **48**.**406**. Notice; Judicial Review

Effective: June 19, 2009

Currentness

(a) The department shall give notice of the order under Section 48.405 to the employee alleged to have committed the reportable conduct. The notice must include:

(1) separate statements of the findings of fact and conclusions of law;

(2) a statement of the right of the employee to judicial review of the order; and

(3) a statement that the reportable conduct will be recorded in the employee misconduct registry under Section 253.007, Health and Safety Code, if:

(A) the employee does not request judicial review of the finding; or

(B) the finding is sustained by the court.

(b) Not later than the 30th day after the date the decision becomes final as provided by Chapter 2001, Government Code, the employee may file a petition for judicial review contesting the finding of the reportable conduct. If the employee does not request judicial review of the finding, the department shall send a record of the department's findings to the Department of Aging and Disability Services to record in the employee misconduct registry under Section 253.007, Health and Safety Code.

(c) Judicial review of the order:

(1) is instituted by filing a petition as provided by Subchapter G, Chapter 2001, Government Code;[1]

and

(2) is under the substantial evidence rule.

(d) If the court sustains the finding of the occurrence of the reportable conduct, the department shall forward the finding of reportable conduct to the Department of Aging and Disability Services to record the reportable conduct in the employee misconduct registry under Section 253.007, Health and Safety Code.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1267, § 1, eff. Jan. 1, 2002. Amended by Acts 2009, 81st Leg., ch. 763, § 19, eff. June 19, 2009.

Footnotes

[1]

V.T.C.A., Government Code § 2001.171 et seq.

V. T. C. A., Human Resources Code § 48.406, TX HUM RES § 48.406
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX C

# Rule 40 TAC § 711.1431



TEXAS ADMINISTRATIVE CODE

*** ARCHIVE DATA ***

*** This document reflects all regulations in effect as of December 31, 2015 ***

TITLE 40. SOCIAL SERVICES AND ASSISTANCE
PART 19. DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES
CHAPTER 711. INVESTIGATIONS IN DADS AND DSHS FACILITIES AND RELATED PRO-
GRAMS
SUBCHAPTER O. EMPLOYEE MISCONDUCT REGISTRY

*40 TAC § 711.1431* (2015)

§ 711.1431. How is judicial review requested and what is the deadline?

   (a) To request judicial review of a Hearing Order, the employee must file a petition for judicial review in a Travis County district court, as provided by Government Code, Chapter 2001, Subchapter G.

   (b) The petition must be filed with the court no later than the 30th day after the date the Hearing Order becomes final, which is the date that the Hearing Order is received by the employee.

   (c) Judicial review by the court is under the substantial evidence rule, as provided by *§ 48.406, Human Resources Code*.

   (d) Unless citation for a petition for judicial review is served on DFPS within 45 days after the date on which the Hearing Order is mailed to the employee, DFPS will submit the employee's name for inclusion in the Employee Misconduct Registry. If valid service of citation is received after the employee's name has been recorded in the registry, DFPS will determine whether the lawsuit was timely filed and, if so, immediately request that the employee's name be removed from the registry pending the outcome of the judicial review.

SOURCE: The provisions of this § 711.1431 adopted to be effective March 1, 2002,   27 TexReg 955; amended to be effective March 1, 2008,   33 TexReg 1360; amended to be effective September 1, 2010,   35 TexReg 6835