ACCEPTED
15-24-00080-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 3:19 PM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-24-00080-CV

In the Fifteenth District Court of Appeals at Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/10/2025 3:19:06 PM
CHRISTOPHER A. PRINE
Clerk

TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
*Appellant,*

v.

JESSICA CANTO,
*Appellee.*

On Appeal from the 200th District Court of Travis County, Texas
The Honorable Jessica Mangrum, Presiding

## APPELLANT TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S REPLY BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

ROSALIND L. HUNT
State Bar No. 24067108
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:(512) 475-4166
rosalind.hunt@oag.texas.gov

ATTORNEYS FOR APPELLANT
TEXAS HEALTH AND HUMAN SERVICES
COMMISSION

## GLOSSARY

| | |
|---|---|
| App. [Number] | Appendix |
| A.R. [Page] | Administrative Record, HHSC Cause No. 19-0145-M.[1] |
| ALJ | Administrative Law Judge |
| Canto | Appellee Jessica Canto |
| Canto Br. [Page] | Appellee's Brief |
| Client | "J," an individual receiving services from the Corpus Christi State Supported Living Center who needed one-to-one supervision |
| C.R. [Page] | Clerk's Record |
| EMR | Employee Misconduct Registry |
| HHSC | Texas Health and Human Services Commission |
| LOS | Level of Supervision |
| PBSP | Positive Behavioral Support Plan |
| SSLC | State Supported Living Center |

---

[1] The Administrative Record also includes an audio recording of the administrative hearing. This brief refers to the transcript of the hearing in the documentary record, rather than the timestamps in the audio recordings.

# TABLE OF CONTENTS

Table of Contents ............................................................................... iii

Index of Authorities............................................................................iv

Reply Argument ...................................................................................1

    I.     The standard of review on appeal is substantial evidence, and the burden rests solely on Canto. ...........................................1

    II.    Canto distorts the facts to tell a more sympathetic version of events. ........................................................................3

    III.   The ALJ did consider the exception to neglect when she overruled Canto's motion for rehearing. .....................................5

Conclusion and Prayer ........................................................................6

Certificate of Compliance...................................................................8

Certificate of Service ..........................................................................8

# INDEX OF AUTHORITIES

**Cases**

*Marble Falls Indep. Sch. Dist. v. Scott,*
 275 S.W.3d 558 (Tex. App.—Austin 2008, pet. denied) ........................2

*Mednick v. Tex. State Bd. Pub. Accountancy,*
 933 S.W.2d 336 (Tex. App.—Austin 1996, writ denied ........................3

*Tchernowitz v. The Gardens at Clearwater,*
 No. 04-15-00716-CV, 2016 WL 6247008 (Tex. App.—San
 Antonio Oct. 26, 2016, no pet.).............................................................4

*Tex. Comm'n on Envtl. Quality v. Maverick Cnty.,*
 642 S.W.3d 537 (Tex. 2022), *reh'g denied* (Apr. 22, 2022).................1, 3

*Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.,*
 665 S.W.2d 446 (Tex. 1984) ...................................................................3

**Statutes**

Tex. Gov't Code § 2001.001(1)....................................................................3

Tex. Gov't Code § 2001.174 ........................................................................1

Tex. Hum. Res. Code § 48.406(c)................................................................2

**Rules**

Tex. R. App. P. 38.1(g)................................................................................4

# REPLY ARGUMENT

## I. The standard of review on appeal is substantial evidence, and the burden rests solely on Canto.

Canto mischaracterizes the standard of review on appeal in two ways. First, Canto argues the substantial evidence standard is "completely different" in this case and is a "quasi-criminal" preponderance of the evidence standard. Canto's Br. 17–18. Second, Canto argues the burden is on HHSC. *See* Canto's Br. 17. Canto goes on to say, "none of the cases cited by Appellant are directly [on] point, all dealing with administrative decisions." *Id.* Canto is confusing the standard of review at the agency level with the standard at the reviewing court level. At the agency level in the contested case hearing before the ALJ, "HHSC had the burden of proving by a preponderance of the evidence that Petitioner (1) committed neglect; and (2) the neglect constituted reportable conduct within the meaning of § 711.1408." A.R. 184. However, on judicial review at the district court and the court of appeals levels, the standard of review is substantial evidence, and the burden of proof rests on Canto. *See* Tex. Gov't Code § 2001.174; *Tex. Comm'n on Envtl. Quality v. Maverick Cnty.*, 642 S.W.3d 537, 547 (Tex. 2022), *reh'g denied* (Apr. 22, 2022) ("The findings, inferences, conclusions,

and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.").

Texas lawmakers provided Canto with a statutory pathway to judicial review through the APA. Texas Human Resources Code section 48.406 sets out the conditions for employees to appeal an order requiring the inclusion of their name on the EMR. The plain language of the statute incorporates the APA's judicial review provisions by expressly stating judicial review is provided by the APA. Tex. Hum. Res. Code § 48.406(c) ("Judicial review of the order: . . . is instituted by filing a petition as provided by Subchapter G, Chapter 2001, Government Code."). APA section 2001.174 is the substantial evidence standard of review, which applies to this case.

Even if the Human Resources Code did not expressly incorporate the APA's provisions, the APA would still apply because "[u]nless otherwise provided, the APA's contested-case and judicial-review procedures apply to agency-governed proceedings." *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 563 (Tex. App.—Austin 2008, pet. denied). The APA provides minimum standards of uniform practice

to state agency proceedings and applies even if there is no reference to the APA in the agency's enabling Act. *See* Tex. Gov't Code § 2001.001(1) (The APA "provide[s] minimum standards of uniform practice and procedure for state agencies."); *see Mednick v. Tex. State Bd. Pub. Accountancy*, 933 S.W.2d 336, 338 (Tex. App.—Austin 1996, writ denied) ("[T]he legislature had clearly expressed its intent that the APA provide the principal law of judicial review and that the omission of mandatory language in the organic act did not expressly repeal the application of [the APA] to the Department.") (internal quotations omitted).

The burden of proof on appeal is on Canto because as far back as 1984, the Supreme Court of Texas has said the substantial evidence burden is on the *contestant. Maverick Cnty.*, 642 S.W.3d at 547 (quoting *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1984)). APA section 2001.174 and the court decisions interpreting that standard *is* the law. The standard of review is no different for Canto than for any other person contesting an agency decision.

## II. Canto distorts the facts to tell a more sympathetic version of events.

Canto states as fact, "Because of severe shortages or staff, there was almost no one to help with J on the day and Canto had to do what she did in order to deal with the situation." Canto's Br. 12. This is an *argument* presented to the court as fact when there is no evidence in the record of severe staff shortages. Because this statement is not supported by any record references, it should be struck from the brief. *See* Tex. R. App. P. 38.1(g) (the statement of facts "must be supported by record references."). "When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.). As a consequence of not providing citations to the record, Canto has not presented these facts for the Court to review.

Canto unfairly depicts her previous client as becoming "physically violent, grabbing a fire extinguisher and threating to attack her with it." Canto's Br. 8. Then, depicts the Client as getting "extremely violent and threaten[ing] to kill the other half of the one-to-one." *Id.* at 20. First, the Client did not *threaten* Canto with violence or threaten to kill her. When

the Client told Canto and other staff to "leave me the fuck alone," (A.R. 243) he was asking to be left alone in lieu of physical aggression. The client was using his functional replacement behavior from his PBSP to "tell staff that he needs a break or *to be left alone*." A.R. 120 (emphasis added). That statement was a request, not a threat. Second, the Client did not threaten to attack her with a fire extinguisher. By the time the Client obtained the fire extinguisher, Canto was watching from the safety of a van. A.R. 221; A.R. Video 504-C13.

Bottom line, Canto broke one-to-one supervision because of what she *feared* the client would do, not based on what was actually happening, i.e., the existing circumstances. If direct providers could break one-to-one anytime they were afraid of their client, then there would be no one to care for clients with challenging behaviors such as physical aggression. Canto signed on to her Client's one-to-one fully aware of his challenging behaviors (A.R. 120–24, 214–15, 232) and is now unfairly weaponizing his disability to evade responsibility for her actions.

## III. The ALJ did consider the exception to neglect when she overruled Canto's motion for rehearing.

Canto argues, "the ALJ did not consider 40 TAC 711.23 even though it was argued in the hearing and was presented in the Motion for

Rehearing." Canto's Br. 18. That is incorrect. The ALJ decisively rejected Canto's argument because after considering the section 711.23 argument raised in the motion for rehearing, the ALJ entered an order denying it. A.R. 192.

## CONCLUSION AND PRAYER

Defendant Texas Health and Human Services Commission prays the Court reverse the district court's judgment and affirm the HHSC's final order in all respects. HHSC request such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Rosalind L. Hunt*
ROSALIND L. HUNT
State Bar No. 24067108
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4166
Rosalind.Hunt@oag.texas.gov

ATTORNEYS FOR APPELLANT TEXAS
HEALTH AND HUMAN SERVICES
COMMISSION

## CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 1,136. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

*/s/ Rosalind L. Hunt*
ROSALIND L. HUNT
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, a true and correct copy of the above and forgoing document has been served to the following party of record via electronic service and/or electronic mail:

Kim Cox
State Bar No. 04951500
Law Office of Kim A. Cox
4101 S. Alameda St.
Corpus Christi, Texas 78411
(361) 883-3265
kimacox@aol.com

ATTORNEY FOR APPELLEE

*/s/ Rosalind L. Hunt*
ROSALIND L. HUNT
Attorney for Appellant

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Foster on behalf of Rosalind Hunt
Bar No. 24067108
jennifer.foster@oag.texas.gov
Envelope ID: 96093872
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Reply Brief
Status as of 1/10/2025 3:28 PM CST

Associated Case Party: Tex Health & Human Services Comm

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rosalind Hunt | | rosalind.hunt@oag.texas.gov | 1/10/2025 3:19:06 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 1/10/2025 3:19:06 PM | SENT |

Associated Case Party: Jessica Canto

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pamela MWilliams | | pmrshwms40@aol.com | 1/10/2025 3:19:06 PM | SENT |
| Kim ACox | | kimacox@aol.com | 1/10/2025 3:19:06 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kim Cox | | kimacox@aol.com | 1/10/2025 3:19:06 PM | ERROR |